# HIRAM JONES *v.* HENRY N. MORSE.

DECLARATIONS AS EVIDENCE.—Declarations of the vendor of personal property, made after the sale, are not admissible in evidence for the purpose of showing a fraudulent intent on his part in making the sale. Such declarations made before the sale are admissible.

ERROR WITHOUT CONSEQUENCE.—If in a trial before the Court, without a jury, irrelevant testimony is received, with the understanding that it is not to be considered by the Court unless other testimony is afterwards introduced making it relevant, and such testimony is not afterwards introduced, the presumption will be that the Court discarded the evidence in rendering judgment, and the error is without consequence.

APPEAL from the District Court, Third Judicial District, Alameda County.

Silas Dildine was indebted to Abijah Baker in the sum of four thousand four hundred and forty dollars. Baker, on the 30th of August, 1867, sued him to recover the money, and procured a writ of attachment, which was placed in the hands of the defendant, Morse, who was Sheriff of Alameda County. On the day before the issuance of the attachment, Dildine sold to the plaintiff, Jones, a number of horses, some harness, and a quantity of wheat in the sack. The defendant, as Sheriff, by virtue of the attachment, levied on this property in the hands of Jones to satisfy the debt of Baker. On the 23d of September following, Baker recovered judgment against Dildine, and procured an execution on his judgment, by virtue of which the Sheriff sold the property. Jones brought this action against the Sheriff to recover his damages, laid at nine thousand four hundred and thirty-two dollars and fifty cents. The defense was that the sale from Dildine to Jones was fraudulent as against Baker, a creditor of Dildine.

On the trial defendant proposed to prove by one of his witnesses certain declarations made to the witness by Dildine on the day after this sale to Jones, for the purpose of proving that the sale was fraudulent. The plaintiff objected, and the Court held the testimony admissible if the defendant afterwards proved that the plaintiff was cognizant of the matters stated by Dildine; but if such cognizance was not shown, stated that the testimony could not be considered. With this condition, the Court overruled the objection, and the testimony was received. The Court, in rendering judgment, did not state whether the evidence was considered against the plaintiff. The defendant recovered judgment, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. A. Fletcher,* for Appellant.

*A. M. Crane,* for Respondent.

By the Court, SANDERSON, J.:

The Court erred in allowing defendant's witness, Riser, to testify against the objection of the plaintiff as to the declarations made by Dildine at the house of the witness on the morning after the sale. Declarations of the vendor of personal property, made before the sale, are admissible for the purpose of showing a fraudulent intent on his part. (*Landecker* v. *Houghtaling,* 7 Cal. 391.) But declarations made after the sale stand upon a different ground, and cannot be received. (*Paige* v. *O'Neil,* 12 Cal. 496; *Visher* v. *Webster,* 13 Cal. 58; *Cohn* v. *Mulford,* 15 Cal. 50; *Cahoon* v. *Marshall,* 25 Cal. 202.)

But the case shows that this testimony was received upon the express understanding that it was not to be considered unless the plaintiff subsequently proved that the defendant was cognizant of these declarations. This, as the case also shows, the plaintiff failed to do, and, as the trial was by the Court, it must be presumed that the declarations were accordingly discarded. So, although it was error to receive the testimony at all, as we have seen, yet the error was without consequence.

There are no other points which require special notice.

Judgment affirmed.


SPRAGUE, J., concurring specially:

I concur in the judgment.

Mr. Justice RHODES expressed no opinion.