[No. 3,689.]

## GEORGE O. WHITNEY, CHARLES M. KIMBALL AND J. WAYLAND KIMBALL *v.* P. DURKIN AND ANN DURKIN.

EVIDENCE OF DECLARATIONS.—In an action for goods sold, when the issue made is, whether the credit was ,given to the defendant who; obtained the goods, or to another person, the declarations of the vendor made to such other person, after the transaction has been completed, and some time has elapsed, are not a part of the *res gestœ*, and are not admissible in evidence on behalf of the plaintiff.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action to recover seven hundred and ninety-five dollars, the value of goods sold. The complaint alleged that the goods were sold to the defendants at their special instance and request. The answer averred that one Charles D. Carter was indebted to the defendant P. Durkin in the sum of seven hundred and ninety-five dollars, and in consideration thereof, gave the defendants an order in writing on the plaintiffs for goods to that amount, and that the plaintiffs delivered the goods on the order, and gave the credit to Carter. The plaintiffs recovered judgment; the defendants moved for a new trial, and the Court granted the motion. The plaintiffs appealed from the order granting a new trial.

The other facts are stated in the opinion.

*Parker & Roche*, for the Appellants.

Whitney's declarations to Carter, when he visited him, are the only means of explaining the object of the visit, and to show that it was not to collect money due him by Carter. (Taylor on Ev. Sec. 516; *Stewart* v. *Hanson*, 35 Maine 507; *Pool* v. *Bridge*, 4 Pick. 378; and *Allen* v. *Duncan*, 11 Pick. 308.)

*J. C. Bates*, for the Respondent.

Whitney could not, by his own statements to Carter, manufacture evidence in his own behalf after the transaction had completely ended and the liabilities of the parties had become fixed.

By the Court, NILES, J:

The new trial was granted solely upon the ground of "errors of law committed by the Court during the progress of the trial, and excepted to by the defendants." The principle issue at the trial was whether, at the time of the sale and delivery of the goods, the credit was given to the defendants or to Carter, the drawer of the order. The only exception taken by the defendants was to a portion of the testimony of Geo. O. Whitney, one of the plaintiffs. The witness had stated that after the sale and delivery of the goods he visited Carter several times to procure payment by him of the amount of the claim, and was unsuccessful. He was then permitted to testify, against the objection of defendants, in substance, that on the occasion of his last visit he informed Carter that he did not hold him responsible for the price of the goods; that he had nothing to hold him at all in any way, especially in the manner the goods were sold to the defendant at the time of the sale; nothing but a simple-order on him, etc.

This testimony was clearly inadmissible. The declarations were not parts of the *res gestæ*. The rights and liabilities of the several parties were fixed at the time of the sale and delivery of the goods. It is difficult to see how a declaration of the plaintiff, made several weeks later, and in the absence of the defendants, could form a part of, or in any degree illustrate or explain the past and completed transaction.

We cannot say that the testimony was immaterial. Its direct tendency would be to impress the minds of the jury with the belief that the plaintiffs had not intended to give the credit to Carter, but to the defendants. That was an

important issue in the case; and upon that issue the testimony was inadmissible. We think the new trial was prop-. erly granted.

Order affirmed.. Remittitur forthwith..