[No. 9,601.  Department Two.—November 22, 1884.]
ELIZA GARLICK, APPELLANT, v. W. H. BOWERS,
RESPONDENT.

EVIDENCE—SALE OF GOODS—DECLARATIONS OF VENDOR AFTER SALE.—
Statements made by a vendor of personal property after the sale, in
regard to its delivery to the vendee, are not admissible as evidence to im-·
peach the sale.
INSTRUCTIONS—REFUSAL TO GIVE.—Instructions asked for, which are partly
correct and partly incorrect, may be refused.

APPEAL from a judgment of the Superior Court of the coun-
ty of Kern.

Replevin for a lot of wheat. The defendant, a sheriff, ad-
mitted the seizure, and justified under a writ of attachment is-
sued against the vendor of the plaintiff. The other facts suffic-
iently appear in the opinion of the court.

S. Solon Hall, and Peck & Mahon, for Appellant.

R. E. Arick, and W. J. Tuska, for Respondent.

The COURT.—Evidence of statements made by the vendor,
after he had sold the property, was clearly inadmissible. (Paige
v. O'Neil, 12 Cal. 496 ; Visher v. Webster, 13 Cal. 58 ; Cohn v.
Mulford, 15 Cal. 50 ; Jones v. Morse, 36 Cal. 205 ; Whitney v.
Durkin, 48 Cal. 462 ; Hutchings v. Castle, 48 Cal. 153.) The
plaintiff had introduced evidence, which, if true, showed that
the property had been sold and delivered to her before the ven-
dor made the statements which were testified to by defendant's
witnesses, against the objection of the plaintiff. Under such
circumstances, the statements of the vendor could not be regard-
ed as a part of the res gestœ. Evidence of what he said after
the sale and delivery of the property to the plaintiff was simply
hearsay. For this error the plaintiff is entitled to a new trial.

The plaintiff requested the court to give several instructions,
which were not given. We think none of them should have
been given without modification, and that of itself constituted
sufficient ground for the refusal. We think there is no error
in the instructions given by the court.

In Williams v. Lerch, 56 Cal. 334, the question of what

would constitute an immediate delivery, and an actual and continued change of possession, is quite fully considered, and we do not deem it necessary to add anything to what is there said on the subject.

Judgment and order reversed.

----

[No. 8,045. In Bank.—November 22, 1884.]

## A. EASTIN, Respondent, v. THE BANK OF STOCKTON ET AL., Appellants.

Malicious Prosecution—Probable Cause.—In an action for malicious prosecution, the question whether the facts as found by the jury constitute probable cause should be determined by the court, and not by the jury.

Id.—Malicious Prosecution of a Civil Case.—An action may be maintained for the malicious prosecution of a civil action, begun and carried on with malice, and without probable cause, although no process other than a summons was issued in the action complained of.

Id.—Damages—Instructions.—In an action for malicious prosecution of a civil case, it is error to instruct the jury that if they find for the plaintiff, they should allow him all that he paid out in the former suit, "both counsel fees and other expenses," without reference to whether such counsel fees and expenses were reasonable or not.

Appeal from a judgment of the Superior Court of the county of Stanislaus, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Byers & Elliott*, for Appellants.

*D. S. Terry*, and *W. E. Turner*, for Respondent.

Ross, J.—The cause of action set forth in the complaint is, that in the month of August, 1874, the plaintiff executed to the firm of J. H. Barney & Co. his two certain promissory notes— one for the sum of $160, and the other for the sum of $341— which notes he paid in December of the same year at the Bank of Stockton, with the knowledge of the president, cashier and managing agent of the bank; that after the notes had been so paid and had been delivered up, plaintiff lost them; and the bank, by some means to the plaintiff unknown, became possessed of them; that thereafter, and in the year 1876, the bank and its