[No. 12885.    Department One. — November 29, 1890.]

## ALICE WILLIAMSON ET AL., RESPONDENTS, v. CURTIS TOBEY, APPELLANT.

APPEAL — PRACTICE — RECORD. — The appellant must make up his record so as to clearly show the basis for his points.

INSTRUCTION — REQUEST — MODIFICATION. — If a requested instruction contains several propositions, one of which 'is erroneous, the court may refuse the whole instruction. It is not bound to modify it so as to separate the erroneous portion.

PRESUMPTION — POSSESSION — OWNERSHIP. — A presumption of ownership arises from possession.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — CUMULATIVE. — Newly discovered evidence which is merely cumulative, and not such as to render a different result probable, is not ground for a new trial.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Joseph Hutchinson, Frank Otis,* and *Hutchinson & Campbell,* for Appellant.

*T. J. Crowley,* for Respondents.

HAYNE, C. — The complaint in this action was for an injunction to restrain the defendant from operating his foundry in such a manner as to constitute a nuisance to the adjoining dwelling, and for damages. The case was submitted to a jury, and a general verdict in favor of plaintiffs for five hundred dollars was rendered. The judgment did not award any injunction, but was for the damages only. The appeal is by the defendant.

1. It is contended that the court erred in refusing to instruct the jury as requested by the defendant.

As we construe the transcript, the defendant requested one instruction involving several distinct propositions. The transcript is not substantially clear upon this point. But it is incumbent upon the appellant to show error, and we do not think that upon this record the court

would be justified in saying that each proposition in the paragraph referred to was requested as a separate instruction. This being the case, if any one of the propositions contained in the request ought not to have been given, the court was justified in refusing the whole instruction. (*Smith* v. *Richmond,* 19 Cal. 485; *Preston* v. *Keys,* 23 Cal. 194.) And we think that at least one of such propositions was in this category.

The plaintiffs alleged that they were at all times the owners of the premises described in the complaint. And the evidence was, that they had been in possession for about thirty years. The house in which they lived was of that age, and its foundations had not been changed since it was built. From this the presumption certainly arose that the plaintiffs were the owners of the said premises.

This presumption was not rebutted by the general statement of the defendant that the "house described in the complaint is nine inches over on my own property." And there is no other evidence on the subject. In this condition of the evidence it certainly would have been improper for the court to have instructed the jury that "if the plaintiffs' building stands nine inches, or any other distance, over upon the property leased by Mr. Tobey, and if the shaking of the house, claimed by the plaintiffs to exist, is produced because of the fact that the plaintiffs' house stands upon Mr. Tobey's ground, and if the Williamsons' house was upon their own ground said shaking would not occur, then the plaintiffs cannot recover damages caused by the said shaking." And, as above stated, it was not incumbent upon the court to separate the improper part of the instruction from the remainder, even if it be assumed that the remaining propositions were correct and applicable.

2. It is argued that it was error to allow the witness Farnsworth to refresh his memory from a memorandum as to the action of a committee of the board of supervisors who once looked into the question of the

alleged nuisance. The objection shown by the record seems to go more to the use of the memorandum than to the propriety of the evidence of the witness. Evidence as to what the action of the committee actually was was given by several other witnesses without objection. And the defendant himself, when called to the stand, testified to substantially the same facts testified to by the witness Farnsworth from his memorandum. Under these circumstances, if there was any error in allowing the witness to look at the memorandum, it was immaterial.

Similar observations apply to the reading of the memorandum by counsel in his argument to the jury.

3. Assuming, as must be done at this stage of the case, that the plaintiffs' evidence was true, we have no doubt that the defendant's foundry was a nuisance; and under the circumstances we cannot say that the damages were excessive.

4. The court did not err in refusing a new trial on the ground of newly discovered evidence.

The affidavit of Gates was in relation to the action of the committee of the board of supervisors above mentioned. If this was relevant at all, it was thoroughly gone over at the trial, as is above stated. The affidavit of the attorney relates to the same subject, and to the question of diligence. The affidavit signed by ten other persons was merely to the general effect that the acts complained of did not constitute a nuisance. It is too clear for discussion that all this was merely cumulative, and not such as to render a different result probable, if a retrial should be had.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.