[Civ. No. 3886.  Second Appellate District, Division One.—May 12, 1922.]

# MARGARET DOVER et al., Respondents, v. JOSEPH ARCHAMBEAULT, Appellant.

[1] Negligence—Collision of Automobiles — Pleading—Negligence of Driver of Plaintiff's Car—Proper Order Striking Out Part of Answer.—In an action for personal injuries resulting from a collision of automobiles on a public highway, the granting of plaintiff's motion to strike from the answer the charge of negligence on the part of the driver of the machine in which plaintiff was riding was correct, where in a previous part of the pleading the defendant had sufficiently denied negligence in the operation of his automobile.

[2] Id.—Insufficient Plea of Contributory Negligence. — In such action, an allegation in the answer that the driver of the car in which plaintiff was riding negligently drove the same against defendant's car cannot be construed as a plea of contributory negligence on the part of the plaintiff, in the absence of any accompanying statement of fact showing that she controlled, or was entitled to control, the conduct of the driver in the operation of his car.

[3] Id.—Doctrine of Last Clear Chance — Evidence—Instruction Properly Refused.—In an action for personal injuries received by a person while riding in an automobile from a collision of such vehicle with another automobile, an instruction on the doctrine of last clear chance was properly refused, in the absence of any evidence that the plaintiff was operating the car.

[4] Id.—Doctrine of Last Clear Chance—Applicability.—The occasion for applying the doctrine of the last clear chance arises only in favor of the person injured, and for the purpose of sustaining the liability of the defendant where, notwithstanding the plaintiff's negligence, the defendant, in face of the apparent danger, has carelessly or recklessly caused the injury.

[5] Id. — Contributory Negligence — Instruction — Refusal When Proper. — Where the defense of contributory negligence is not pleaded and where the facts in support of such defense have not

1. Violation of statute or ordinance regulating movement of vehicles as affecting violator's right to recover for negligence, note, 12 A. L. R. 458.

Driving on wrong side of road as negligence or evidence of negligence, note, 41 L. R. A. (N. S.) 333.

been developed by the evidence presented by the plaintiff, it is not error to ignore such defense in presenting the case to the jury.

[6] ID.—NEGLIGENCE OF DRIVER OF PLAINTIFF'S CAR — IMPUTATION TO PLAINTIFF — INSTRUCTION. — An instruction that if the jury believed that the driver of the car in which plaintiff was riding was guilty of negligence contributing proximately to the injuries of the plaintiff, such negligence cannot be imputed to the plaintiff unless they further believed that the plaintiff exercised control over the driver in his operation of the car, was not erroneous in taking from the jury the issue of the plaintiff's own negligence.

[7] ID.—REQUESTED INSTRUCTIONS—NECESSARY MODIFICATION—GROUND FOR REFUSAL.—Where instructions offered are such that they cannot properly be given without modification, that of itself constitutes a sufficient ground for refusing them.

APPEAL from a judgment of the Superior Court of the County of Santa Barbara. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. F. Thomas for Appellant.

Wm. G. Griffith for Respondents.

CONREY, P. J.—Action to recover damages incurred by reason of negligence of the defendant in the operation of an automobile, whereby the defendant's automobile collided with another automobile in which the plaintiff Margaret Dover was riding, and whereby personal injuries were received by her. The accident occurred May 9, 1920. Judgment was entered in favor of the plaintiffs, and the defendant appeals therefrom.

At the time of the accident Mrs. Dover was riding in a Ford automobile owned and driven by one H. A. Palmaymesa. She was riding, with three other persons, as a guest of Palmaymesa, and they were driving in an easterly direction on the state highway between Goleta and Santa Barbara. The plaintiff John Dover was not there. Immediately before the accident a stage which was driving

6. Negligence of driver of automobile as imputable to occupant or guest, notes, 19 Ann. Cas. 1225; Ann. Cas. 1913B, 684; Ann. Cas. 1915B, 769; Ann. Cas. 1916E, 268; Ann. Cas. 1918B, 841; Ann. Cas. 1918C, 961.

westerly, ahead of the defendant, stopped to allow a passenger to get off. Another automobile, in front of the defendant, stopped behind the stage. Thereupon, the defendant turned his automobile to the left side of the road and attempted to pass the next automobile and the stage. At the same time the Ford car of Palmaymesa was passing the stage on the south side of the road. According to the testimony, which is amply sufficient to establish the facts, defendant continued to move westerly until the collision occurred. The defendant attempted to prove that he stopped his car and that the Ford car continued to move forward and ran into the automobile of the defendant. As the evidence is conflicting on this point, we must assume, as the verdict implies, that this testimony on behalf of the defendant is not in accordance with the facts. There is evidence from which the jury was justified in determining that Palmaymesa, as soon as he saw the defendant's car, slowed down to a low rate of speed and turned his car south so that part of it was off the paved highway and left between his car and the stage a space sufficient to have permitted the defendant to pass. Nevertheless, defendant's automobile struck the front of the Ford car.

There appears to be no doubt that the defendant was guilty of negligence. Section 20(a) of the Vehicle Act provides that "On all occasions the driver or operator of any vehicle in or upon any public highway shall travel upon the right half of such highway unless the road ahead on the left-hand side is clear and unobstructed for at least one hundred yards ahead. . . ." (Stats. 1919, p. 215.) "There was no error in the instruction of the court informing the jury that one who operated his vehicle in violation of an express provision of the law was guilty of negligence in so doing. The proposition is thoroughly settled." (*Mathes* v. *Aggeler & Musser Seed Co.*, 179 Cal. 697, 701 [178 Pac. 713, 715].)

[1] Appellant contends that the court erred in granting the plaintiffs' motion to strike out from the answer of appellant the following sentence: "And in that behalf this defendant avers that if the plaintiffs or either of them was injured at the time and place as stated in their complaint that it was by and through the negligence of said

H. A. Palmaymesa, who at said time and place negligently drove his said automobile on to the automobile of this defendant, which was rightfully standing still in said highway and not moving at all in any direction, at the time of said accident." We think that the order was correct. In a previous part of his answer the defendant had sufficiently denied negligence in the operation of his automobile. [2] The language above quoted added nothing to that denial. It cannot be construed as a plea of contributory negligence on the part of Mrs. Dover, for it is not accompanied by any statement of fact showing that she controlled, or was entitled to control, the conduct of Palmaymesa in the operation of his automobile.

Appellant further contends that the plaintiffs should not recover because the evidence shows that the accident was caused by the contributory negligence of the plaintiff, Mrs. Dover. Assuming that the issue was before the jury, we cannot see that the evidence was such as to require a verdict in favor of the defendant upon that issue. This is true because the evidence is sufficient to sustain a finding that Palmaymesa was not negligent in the premises; and further because, even if he had been negligent, there is no evidence that Mrs. Dover was responsible for his negligence. The circumstances were not such that his negligence could be imputed to her. (*Tousley* v. *Pacific Elec. Ry. Co.,* 166 Cal. 457, 462 [137 Pac. 31].) So far as the conduct of Mrs. Dover is concerned, there is no merit in the contention of appellant that it was her duty to have the car stopped so that she might leave it before the collision occurred. She did not see the defendant's car until it was within fifty feet of the car in which she was riding. Only a few seconds could have elapsed until the collision occurred. The jury was well justified in believing that she had no opportunity to save herself from the injury.

[3] It is contended that the court erred in refusing to give the so-called "last clear chance" instruction requested by appellant. This offered instruction was as follows: "Ninth: One who has the last clear opportunity to avoid injuring another must do so, and if you find from a preponderance of the evidence that the defendant, just before the collision of his car and plaintiff's car on the 9th of May, 1920, stopped his car and the plaintiffs made their

car collide with the defendant's car and that the in-
juries to the plaintiffs respectively alleged in the com-
plaint were thereby inflicted, I charge you that your ver-
dict should be for the defendant.'' This instruction was
properly refused. It omitted any suggestion of negligence
on the part of the plaintiffs. It assumed that there was
some evidence that the plaintiffs were operating the Ford
car, whereas there was no such evidence. [4] Further
it may be observed that the occasion for applying the doc-
trine of the rule of discovered opportunity or ''last clear
chance'' to avoid an injury arises only in favor of
the person injured, and for the purpose of sustaining the
liability of the defendant where, notwithstanding the plain-
tiff's negligence, the defendant, in face of the apparent
danger, has carelessly or recklessly caused the injury.
(*Spear* v. *United Railroads,* 16 Cal. App. 637, 659 [117
Pac. 956].)

[5] It is contended that the court erred in giving the
fifteenth instruction, which reads as follows: ''15. If you
believe from the evidence in this case that the defendant
was guilty of negligence in operating and driving his
automobile on the occasion alleged in the complaint, and
that the alleged accident was proximately caused by such
negligence, then I charge you that the plaintiffs are en-
titled to recover of the defendant such damages as under
the evidence would compensate them for the detriment
proximately caused thereby, not exceeding in the aggre-
gate the sum of $10,129.15.'' Appellant suggests that this
instruction is erroneous because it omits any statement of
the condition that in order to recover, the plaintiffs must
have been free from negligence causing the injury. If the
defense of contributory negligence had been pleaded by the
defendant, or if the evidence presented in support of the
plaintiffs' cause of action had been sufficient to sustain a
finding of contributory negligence, it would have been ap-
propriate to submit that question to the jury. But where
the defense is not pleaded, and where the facts in support
of such defense have not been developed by the evidence
presented by the plaintiff, it is not error for the court to
ignore that defense in presenting the case to the jury.
(*Kenny* v. *Kennedy,* 9 Cal. App. 350 [99 Pac. 384]; *Hall*
v. *City and County of San Francisco,* 188 Cal. 641 [206
Pac. 459].)

[6] The court gave the following instruction: "9. The court instructs you that if you believe from the evidence that H. A. Palmaymesa was guilty of negligence contributing proximately to the injuries of the plaintiff, Margaret Dover, such negligence cannot be imputed to the plaintiffs in this action unless you further believe from the evidence that the plaintiff, Margaret Dover, exercised control over the said H. A. Palmaymesa in his operation of the car in which she was riding." Appellant contends that this instruction is erroneous in that it took from the jury the issue of the plaintiffs' own negligence. We cannot see that the instruction had that effect, even if such issue had existed.

Appellant contends that the court erred in refusing the eighth instruction requested by the defendant, reading as follows: "Eighth: If you find from a preponderance of the evidence in this case that the plaintiffs ran their automobile, in which they were riding on the 9th of May, 1920, into the defendant's automobile, as testified to by the witnesses for the defendant, I charge you that as a matter of law your verdict should be for the defendant and you should so find in your verdict." The proposed instruction assumed that there was evidence tending to prove that the plaintiffs owned and operated the car, whereas there was no evidence of that kind. Moreover, the proposed instruction omitted the element of negligence in operation of the car. [7] Where instructions offered are such that they cannot properly be given without modification, that of itself constitutes a sufficient ground for refusing them. (*Garlick v. Bowers*, 66 Cal. 122 [4 Pac. 1138]; *Smith* v. *Richmond*, 19 Cal. 477, 485.)

The court did not err in refusing the seventh instruction requested by appellant. The subject matter of that instruction was correctly covered by another instruction given. The exceptions to the rulings of the court on matters of evidence need not be discussed. They refer only to two items, each of which is of minor importance.

The judgment is affirmed.

Shaw, J., and James, J., concurred.