[L. A. No. 13223. In Bank.—April 26, 1933.]

GERDA HART, Respondent, v. ROBERT FARRIS et al., Appellants.

Noon & Noon and Charles A. Brinkley for Appellants.

Fred A. Steiner and Eugene D. Williams for Respondent.

CURTIS, J.—An order was made transferring this cause to the court for the reason that at the hearing of the petition for transfer the members of the court were in serious doubt whether the judgment of the trial court awarding

damages to the plaintiff in the sum of $20,000 was not excessive. We therefore decided to give this question further consideration. We have carefully examined the record before us, and particularly that portion which relates to the nature and character of plaintiff's injuries sustained by her by reason of the collision between her bicycle and the automobile of the defendants, and after such examination, we are of the opinion that the judgment herein should not be disturbed. Plaintiff's injuries are accurately set forth in detail in the opinion of the District Court of Appeal, and we are in agreement with the members of that court in their conclusion that the condition of the plaintiff, directly and proximately due to the injuries sustained by her in said collision, furnishes sufficient support for the verdict of the jury and the judgment based thereon in favor of the plaintiff. In all other respects the opinion of the District Court of Appeal also meets with our approval. We therefore adopt said opinion as the opinion of this court. As written by Justice *pro tem.* Harden, it is as follows:

"Defendants appeal from a judgment entered upon the verdict of a jury in favor of plaintiff for the sum of twenty thousand dollars and for costs. The action is one for damages for personal injuries sustained by plaintiff arising out of a collision between a bicycle ridden by plaintiff and an automobile driven by the defendant Malcolm L. Farris. The accident occurred on El Cajon avenue in the city of San Diego at about 7 p. m. on January 30, 1930. Malcolm L. Farris, the son of defendants, Robert Farris and Mabel Farris, was driving the automobile with the consent of his parents; and his mother, Mabel Farris, and a friend were passengers therein. El Cajon avenue is a thoroughfare seventy-five feet in width running in an easterly and westerly direction. Three parallel streets intersect El Cajon avenue at right angles. From west to east they are Cherokee street, Thirty-seventh street, and McClintock street. The scene of the accident was within a residence district as defined by the California Vehicle Act. The collision occurred at a point approximately fifty-two feet west of McClintock street and eighteen feet from the southerly side of El Cajon avenue. On the day of the accident the sun set at 5:19 p. m.

■ "The first of several points raised is that the evidence did not establish negligence on the part of the defendants. The testimony of plaintiff was to the effect that at the time of the collision she was riding her bicycle in an easterly direction along the southerly side of El Cajon avenue; that immediately after an automobile had passed her bicycle on the left side she was run down from the rear by the automobile of defendants. There was evidence from which the jury could have concluded that at the time of the collision defendants' automobile was traveling in excess of twenty miles per hour and that the driver was not keeping a lookout ahead. There was also evidence of declarations made by the driver of the automobile admitting responsibility for the collision. It was shown that the headlights of the automobile lighted the highway to such an extent that a person riding a bicycle at any point within a distance of three hundred feet ahead of the automobile would be visible to the driver thereof. It was also in evidence that the force of the impact threw plaintiff a distance of from eighteen to twenty feet in an easterly direction. While there was testimony tending to exonerate the driver of the automobile from fault, it merely created a conflict in the evidence to be determined by the jury. The evidence was ample to support a finding of negligence upon the part of the driver of the automobile.

■ "The next point raised is that the evidence established contributory negligence on the part of plaintiff barring a recovery. Several contentions are advanced in support of this claim. The first one is that the evidence established that plaintiff, having ridden her bicycle in an easterly direction along the north side of El Cajon avenue from Cherokee street to a point between Thirty-seventh and McClintock streets approximately north of the scene of the accident turned her bicycle at that point and proceeded to cross El Cajon avenue between street intersections by riding due south. There is no merit in this contention. Plaintiff testified that she rode along the north side of El Cajon avenue from Cherokee street to Thirty-seventh street; that she turned south upon reaching Thirty-seventh street and crossed El Cajon avenue to a point where she could and did fall in with the east-bound traffic; that she then proceeded

easterly along the south side of El Cajon avenue to the point of collision. Her testimony to the effect that she pursued said course was corroborated to some extent by the testimony of other witnesses. But whether corroborated or not, plaintiff's testimony alone was sufficient to justify the jury in finding in accordance therewith.

 "Appellants' second contention in connection with the defense of contributory negligence is that the evidence established that, in violation of the requirements of section 105 of the California Vehicle Act, plaintiff's bicycle was not equipped with a lamp on the front nor with a reflex mirror or lamp on the rear exhibiting a red light. It was admitted that the bicycle carried no light at all. Appellants contend that such fact establishes negligence *per se* upon the plaintiff's part barring recovery. A violation of the provisions of the statute by plaintiff would not bar her from recovery on the ground of contributory negligence unless such violation of law proximately contributed to the accident. (*Berges* v. *Guthrie*, 51 Cal. App. 547 [197 Pac. 356]; *Godeau* v. *Levy*, 72 Cal. App. 13 [236 Pac. 354].) Presumably the jury concluded that, in view of the lack of attention of the driver of the automobile to the road ahead and the good light which the headlights of the automobile reflected ahead for a distance of three hundred feet, the absence of lights on the bicycle was not a contributing factor in the accident. Such was the view of the trial court as expressed in denying appellants' motion for a new trial. Such a conclusion had ample support in the evidence.

 "Appellants' third contention in connection with said defense is that the evidence established contributory negligence as a matter of law in that it was shown without conflict that plaintiff, in violation of the provisions of a city ordinance in effect at the time, operated her bicycle at a greater distance than five feet from the right-hand curb of the roadway. The provisions of the ordinance in question are:

" 'Section 26. . . . The rider of a bicycle upon a roadway shall ride as nearly as practicable within five feet of the right-hand curb or edge of the roadway, except when passing a standing or other vehicle or making a left-hand turn at an intersection.'

"The evidence disclosed that automobiles were parked along the right-hand curb of the roadway at the scene of the collision. The ordinance, therefore, did not oblige plaintiff to ride her bicycle within five feet of the right-hand curb of the roadway. There is nothing in the situation that would warrant us in holding that plaintiff violated the provisions of the ordinance.

"All of the questions raised here in support of the contention that plaintiff was guilty of contributory negligence were for the determination of the jury in the first instance and for consideration by the trial court upon motion for a new trial.

"The next point raised involves the action of the court in refusing to give the second paragraph of an instruction numbered 14 requested by defendants. Said instruction narrated the facts as contended for by defendants in connection with their defense of contributory negligence and concluded with the statement: ' . . . and if you further find that the manner in which said movement was so executed by plaintiff was the *approximate* cause of the injury to plaintiff, then you will find that plaintiff was guilty of contributory negligence, and your verdict must be for the defendants'. (Italics ours.) Upon the authority of *Waniorek* v. *United Railroads of San Francisco, a Corp.*, 17 Cal. App. 121, 128 [118 Pac. 947], and of *Renton, Holmes & Co.* v. *Monnier*, 77 Cal. 449 [19 Pac. 820], appellants contend that it was reversible error for the court to refuse to give the second paragraph of said instruction for the asserted reason that a party has a right to have an instruction given to the jury based upon his theory of the case if there is any evidence to support it. It will be noted that the instruction made use of the expression 'approximate cause' instead of 'proximate cause' in connection with the injury to plaintiff. In the case of *State Compensation Ins. Fund* v. *Jorn*, 186 Cal. 782 [200 Pac. 624, 625], the trial court erroneously used the word 'approximately' instead of 'proximately' in submitting a special issue to the jury in connection with the question of contributory negligence. It was there said:

" 'Standing alone it might be misleading and prejudicial . . . In common parlance, the two words "proximate" and

"approximate" are used interchangeably and the dictionaries give them as synonyms. It is true, however, that the word "proximate" has a distinct and separate legal significance, but in view of the explicit instructions making the negligence to depend upon the "proximate" cause, the jury could not well have been misled by the substitution of the word "approximate" in the submission of the special issue. The courts have frequently held such an interchange of these terms in instructions without prejudice. (Citing cases.)'

"While the use of the expression 'approximate cause' was probably inadvertent, thereby the instruction was rendered faulty. The court was not required to modify it to make it correctly state the law. (*Dover* v. *Archambeault*, 57 Cal. App. 659 [208 Pac. 178]; *Williamson* v. *Tobey*, 86 Cal. 497 [25 Pac. 65].) Plaintiff also requested the court to give an instruction whereby she undertook to recite the facts from her point of view and to conclude with a direction that, if the jury found such facts had been established, plaintiff should have judgment. Said requested instruction was also refused. It was not error to refuse said instruction requested by defendants.

 "Appellants also complain of a portion of the instructions of the court to the effect that bicycle riders had the same right as automobile drivers to the use of the streets. The complaint rests upon the contention that, under the provisions of the city ordinance, bicycle riders were required to ride within five feet of the right-hand curb. We have already shown that under the circumstances said provision of the ordinance was not applicable. The instruction was not erroneous. Complaint is also made of the instruction: 'Bicycle riders . . . are not required to look back for vehicles approaching from behind to avoid collisions, or to avoid being run over from behind.' No particular error is pointed out in said instruction; and we see none.

"The instructions given correctly and fairly stated the law upon all phases of the case.

 "Complaint is also made concerning the action of the trial court in the examination of an important witness called by the defendants. Aside from the occupants of the automobile, this was the principal witness relied upon by

the defendants to establish their defense of contributory negligence. Shortly after her examination began the court intervened several times to require her to indicate upon a plat what she meant by 'here' in her description of the accident. Such action of the court was proper and tended to clarify her testimony. Somewhat further along in the examination of the same witness the court asked questions concerning the facts and circumstances of the accident; and this examination proceeded to considerable length. It is said that the court virtually took the witness from counsel and conducted the examination to the prejudice of appellants. If counsel is proceeding by proper questions and without delay or repetition to elicit the evidence, it is better to permit him to develop his own case, particularly in jury trials. Here the questions propounded by the court were fair and competent and showed no desire to discredit the witness. On the whole, the examination by the court developed strong evidence in behalf of defendants. Counsel did not object to the court's examination at the time. Therein we find no error.

■ "The remaining point is that the verdict was excessive. The plaintiff was of the age of 41 years at the time of trial and was the mother of two children of the ages of nine and thirteen years, respectively. The trial was conducted thirteen months after the accident. The only expert witness called to testify to plaintiff's injuries was the physician who attended her after the accident, although she was examined at the instance of the defendants by their physician. In the accident plaintiff suffered fractures of the eighth, ninth and tenth ribs in a line directly under the arm; and the eighth rib was also fractured near the spine. The right transverse process of the third lumbar vertebra was fractured. There was a lacerated wound of the scalp; and there were lacerations and contusions of the liver, resulting in hemorrhage into the abdomen. Plaintiff was confined to a hospital for five weeks following the accident and was obliged to lie flat on her back for one month; and soon after leaving the hospital she was required to return to her bed for a month. Between the time of the accident and the trial she spent considerable time in bed. At the time of the trial she was anemic and suffered from palpi-

tation of the heart upon exertion. Her physician testified that the valves of her heart did not function properly and that she suffered from endocarditis, or inflammation of the lining of the heart; that, due to said heart trouble, he doubted if she would live; that if she survived, her activities would be very much limited; and that the probabilities were that the heart trouble would greatly shorten her life. In his opinion the injuries sustained had lessened her resistance, and the lack of resistance had led to the heart trouble. Before the accident she was in good health. A motion for a new trial upon the ground, among others, that the verdict was excessive was denied by the trial court. It is only where the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice, and raise at once a strong suspicion that it is based on prejudice or passion rather than sober judgment, that the court is at liberty to interpose its judgment as against that of the jury. (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660]; *Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237 [116 Pac. 513].) Under the conditions shown to exist here, we cannot hold that the amount of the award bears no just relation to the injuries sustained, nor that it was excessive. It finds support in the evidence.''

The judgment is affirmed.

Thompson, J., Preston, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.