[Civ. No. 8910. First Appellate District, Division One.—December 3, 1934.]

MATILDA MORRIS, Appellant, v. PURITY SAUSAGE COMPANY (a Copartnership) et al., Respondents.

Ingemar E. Hoberg for Appellant.

Cooley, Crowley & Supple for Respondents.

THE COURT.—Plaintiff was struck and injured by an automobile operated by the defendants. The injury occurred while she was crossing New Montgomery Street near its intersection with Mission Street in San Francisco. According to her testimony she was proceeding east following the pedestrian lane toward the southeast corner of the intersection. When she reached a point about a third of the way across an automobile proceeding north was driven thereon and stopped, blocking her passage. She attempted to pass to the rear of this vehicle, and in so doing left the pedestrian lane and was injured by defendants' automobile, which was

also proceeding north. She alleged that her injury was due to defendants' negligence. A jury returned a verdict in favor of the latter. A motion for a new trial was denied, and plaintiff has appealed from the judgment entered upon the verdict.

As grounds for her appeal she contends that the court improperly refused certain instructions which she requested, and that an instruction given by the court was erroneous.

The first offered instruction read as follows: "The mere fact that an ordinance of the city and county of San Francisco provided that plaintiff should cross New Montgomery street within the pedestrian cross-walk does not of itself bar her recovery in this action for her failure to comply therewith. If you believe from the evidence that the plaintiff, Matilda Morris, was prevented from crossing the pedestrian cross-walk because of the presence of an automobile thereon, then the mere fact that she left the pedestrian cross-walk to pass such obstruction would not of itself prevent her recovery in this action. It is not negligence as a matter of fact to violate such statute or ordinance where all of the circumstances at the time and place make compliance with such statute or ordinance impossible or unreasonable. Before such person can be barred from recovery it must be shown by the preponderance of the evidence that such person failed to exercise the care of an ordinarily prudent person acting under the same or similar circumstances."

The evidence was conflicting as to whether plaintiff was passing along the pedestrian lane when the first automobile blocked her way and then left it and attempted to go around the obstruction, and whether her course from the time she left the sidewalk was not entirely south of the pedestrian lane. The offered instruction assumes as a fact that she left the lane on account of the obstruction, and further states that it was not negligence *as a matter of fact* for her to violate a statute or ordinance if circumstances made compliance therewith impossible or unreasonable.

The violation of a statute or ordinance as a general rule constitutes negligence, which will bar a recovery if such violation proximately contributes to the injury (19 Cal. Jur., Negligence, secs. 65, 67, pp. 632, 636). While it may happen that prudence and safety of life or limb require the

doing of an act which would otherwise be a violation of law, and liability therefor may be avoided by showing that under the circumstances of the particular case the violation was justifiable or excusable, such violation is only excusable when it results from causes or things beyond the control of the person charged therewith (45 Cor. Jur., sec. 121, p. 731; *Mora* v. *Favilla,* 186 Cal. 199 [199 Pac. 17]). ■ In the absence of an overruling necessity, the duty to comply with the law is not affected by the reasonableness of its requirement as applied to given circumstances, and the fact alone that a pedestrian's passage across the street is momentarily obstructed would not excuse its violation. The offered instruction was calculated to mislead the jury, and, being erroneous in part, was properly refused (*Wiley* v. *Young,* 178 Cal. 681, 683 [174 Pac. 316]; *Dover* v. *Archambeault,* 57 Cal. App. 659 [208 Pac. 178]).

■ An instruction that both parties were charged with the same degree of care, but that the care required of the driver of an automobile was greater than that required of a pedestrian, was refused.

Such an instruction has been approved (*Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]); but here the question of the driver's duty towards pedestrians was fully covered by other instructions, and the refusal was not prejudicial.

■ The first paragraph of the following instruction offered by plaintiff was given and the second paragraph refused:

"I instruct you that it is part of the duty of an operator of a motor vehicle to use ordinary care to keep his machine always under control so as to avoid collision with other persons lawfully using the highway and who are themselves in the exercise of ordinary care. He has no right to assume that the road is clear.

"Accordingly, if the operator of the vehicle should in the exercise of ordinary care have become aware of the presence of another in time to have avoided colliding with such other person, then the fact that he failed to become aware of the presence of the other is no excuse for conduct which would have amounted to recklessness if he had known of the presence of such person."

A similar instruction has also been approved (*Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471]; *Ramsey* v.

*Pasini,* 108 Cal. App. 527 [291 Pac. 884]). However, the jury was elsewhere instructed that the driver of a motor vehicle must exercise ordinary care to anticipate the presence on the highway of other persons; and that neither the driver nor the pedestrian had the right to assume that the street was clear. While the whole instruction might properly have been given the omitted portion was in substance covered by the other instructions.

 Two instructions stating in substance that, assuming that defendants' automobile was being driven within the maximum speed permitted by law, nevertheless the question whether it was being driven at a careful and prudent speed, having due regard to the traffic, surface and width of the highway, was for the jury to determine, was refused.

The offered instruction contained a correct statement of the law (*Truitner* v. *Knight,* 83 Cal. App. 655 [257 Pac. 447]), and it would have been proper to have explicitly charged that there might be negligence in the operation of a car even if the speed limit was not exceeded; but this was made sufficiently plain by an instruction that ''Any person driving a vehicle on a public highway of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper having due regard for the traffic, surface and width of the highway.''

 Plaintiff testified that before starting to cross the street she looked to the right and left, but was unable to recall anything that happened after she left the pedestrian lane and passed to the rear of the obstructing car. A witness called by her testified that she left the lane and passed to the rear of the car mentioned and was then struck by defendants' car. This witness and the driver of defendants' car differed as to the distance south of the pedestrian lane where the collision occurred. It was raining at the time, and the driver testified that plaintiff—who admittedly was not wearing a hat—had her coat over her head. This she denied. The foregoing, and the question of the speed of defendants' car, constituted the only conflicting testimony regarding the occurrence. Plaintiff offered an instruction that in the absence of evidence the law presumes that a person is not negligent; and that if the jury believed that her injuries caused her lapses of memory at the trial, and

there was no evidence of negligence on her part, the presumption should prevail.

While an instruction that presumptively a person exercises due care for his own safety may be proper in cases where the plaintiff's evidence is not inconsistent therewith (*Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 Pac. 269]; *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529]), here there was adduced by plaintiff and her only witness to the accident evidence of her negligence, namely, that in violation of an ordinance she left the pedestrian lane, which was a place of safety, without being compelled to do so by prudence or the necessity of avoiding danger. Under the circumstances the refusal of the instruction was not error.

■ The court instructed that a pedestrian who attempts to cross a street at other than a regular crossing place must exercise greater precautions than at an established crossing, and "that the observance of due care under such circumstances is not fulfilled by merely looking to the left and right as he steps upon the street; he must exercise that care during all the time that he was crossing". Plaintiff objects to this instruction on the ground that it requires a pedestrian while crossing to look in all directions at all times.

The instruction merely required due care in view of the increased hazard during all the time that the increased hazard continued, and correctly stated the rule in this regard (*Sheldon* v. *James*, 175 Cal. 474, 479 [166 Pac. 8, 2 A. L. R. 1493]; *Smith* v. *Southern Pac. Co.*, 201 Cal. 57, 66 [255 Pac. 500]; *Koeppel* v. *Daluiso*, 118 Cal. App. 442 [5 Pac. (2d) 457]). *Salomon* v. *Meyer*, 1 Cal. (2d) 11 [32 Pac. (2d) 631], is not a decision to the contrary.

■ The court refused to instruct that the mere fact that plaintiff did not cross the street along a passenger lane would not alone show contributory negligence; that to establish such negligence it must not only appear that the ordinance was violated but that its violation was *the* proximate cause of the injury; and that notwithtanding such violation, if the jury found that the sole proximate cause of her injury was defendants' negligence they should find for the plaintiff.

With one exception the proposed instruction was correct (*Gett* v. *Pacific Gas & Electric Co.*, 192 Cal. 621 [221 Pac.

376]), and this exception is the portion stating that to bar a recovery it must not only appear that the ordinance was violated but that its violation was *the* proximate cause of plaintiff's injury. This was not a correct statement of the law (19 Cal. Jur., Negligence, sec. 153, p. 759; *Squier* v. *Davis Standard Bread Co.,* 181 Cal. 533 [185 Pac. 391]; *Staten* v. *Spencer,* 52 Cal. App. 98 [197 Pac. 540]; *Briggs* v. *Jess Mead, Inc.,* 93 Cal. App. 666 [270 Pac. 263]; *Flood* v. *Miura,* 120 Cal. App. 467, 476 [8 Pac. (2d) 552]). While it was held in the cases cited that the giving of such an instruction might not necessarily be prejudicial, nevertheless, being erroneous, it was not error to refuse it (24 Cal. Jur., Trial, sec. 77, p. 802; *Hart* v. *Farris,* 218 Cal. 69 [21 Pac. (2d) 432]); nor was the court bound to modify a proposed instruction (*Garlick* v. *Bowers,* 66 Cal. 122 [4 Pac. 1138]; *Johnson* v. *Southern Pac. Co.,* 105 Cal. App. 340 [288 Pac. 81]). Plaintiff admits that the jury was correctly instructed generally as to the effect of the violation of an ordinance, and told that such violation, to bar a recovery, must have been a proximate cause of her injury. This being true, it is not reasonable to believe that the jury was misled by the want of a specific instruction of the character she proposed.

The parties stipulated that the affidavit of one of the jurors was filed by plaintiff with the papers in the case in the office of the clerk of the trial court, and that a copy thereof be made a part of the record on appeal, the defendants, however, reserving all legal objections and exceptions to its admissibility, force and effect. Subsequently by motion the plaintiff suggested a diminution of the record, it being alleged that the affidavit was considered by the trial court on her motion for a new trial. It appeared, however, that the affidavit was served and filed after the time allowed by section 659a of the Code of Civil Procedure for the service and filing of affidavits on a motion for a new trial, and that so far as shown no extension of time was granted. The motion was accordingly denied. This renders further consideration of the document unnecessary.

The facts of the present case closely resemble those in *Hopkins* v. *Galland Mercantile Laundry Co.,* 218 Cal. 130 [21 Pac. (2d) 553], where it was held that the plaintiff was guilty of contributory negligence as matter of law and

could not recover. At all events, the evidence fairly supports the verdict of the jury, and the record discloses no error which would justify the conclusion that a miscarriage of justice resulted therefrom.

The judgment is affirmed.