[Civ. No. 12522. First Dist., Div. Two. Jan. 17, 1944.]

ERNEST FACHADIO, a Minor, etc., Respondent, v. EDWIN KROVITZ et al., Appellants.

F. E. Hoffmann for Appellants.

Paul J. Quigley for Respondent.

NOURSE, P. J.—The two defendants appeal from a judgment entered on the verdict of a jury and from the order denying their motion for a new trial in an action for personal injuries. No question is raised as to the sufficiency of the evidence to support the charge of negligence, but the sufficiency of the evidence to support plaintiff's status as a passenger rather than as a guest is attacked. No issue of intoxication or wilful misconduct is involved.

At the time of the accident plaintiff was riding with defendant Harry Krovitz in a car owned by Edwin Krovitz who was joined as defendant in the trial; however, any reference made hereafter to ''defendant'' will apply only to Harry Krovitz. The evidence most favorable to plaintiff shows that at the time of the accident they were going to San Mateo from Bay Meadows in order to interview the plaintiff's employer about getting defendant a job as a jockey. The plaintiff had been trying, at defendant's instance, to get him a job with his employer for several months. The appellants contend that no tangible benefit was received by him for the ride and therefore plaintiff was a guest within the meaning of the statute. They point to the evidence that the defendant and plaintiff lived together, shared expenses and to plaintiff's testimony given on another hearing that the two were on their way to eat in San Mateo at the time of the accident. The respondent asserts that the test of benefit within the meaning of the statute is not whether the venture succeeds or not but the motive for the trip upon which the passenger is injured. We must assume from the verdict that the jury believed the testimony

of plaintiff given at the trial, and, accepting that version, the case is controlled by *Kruzie* v. *Sanders,* 23 Cal.2d 237 [143 P.2d 704].

■ The appellants also contend that they were deprived of a fair trial by reason of the admission of certain evidence and the argument of plaintiff's counsel to the jury. Upon the trial the plaintiff was permitted to testify that he had a stepfather with whom he couldn't get along so that he had to make his own way. The trial judge limited the testimony to the issue of plaintiff's ability to make a living in the event he could not ride a horse after the accident. The appellants contend that this testimony erroneously permitted evidence of poverty to get before the jury, but, with the limitations imposed by the trial court's instruction, we are satisfied that no prejudice resulted.

■ In the course of the trial the defendants sought to impeach the plaintiff by his testimony at an inquest at which the plaintiff stated that at the time of the accident he and defendant were going to a place to eat in San Mateo. Defendants' counsel asked plaintiff's counsel to stipulate to the origin of the remark. Plaintiff's counsel then stated that he "had no objection to the entire record of the inquest going into evidence" and would offer it in evidence if defendants' counsel had no objection. The defendants' counsel said he had no objection. In his argument to the jury plaintiff's counsel read to the jury that portion of the inquest record in which defendant stood upon his statutory rights and did not testify, and pointed out that plaintiff had testified fully at that time. He also argued that he could have objected to the inquest testimony and the court would have ruled it out. The court cautioned the jury that plaintiff's testimony at the inquest was in the record for all it was worth and that no inference against this defendant could be drawn from his refusal to testify. The conduct of plaintiff's counsel had no bearing upon the issues, but the trial court carefully admonished the jury to disregard it, and we must assume that the jury followed the instruction.

We find no reversible error in the record.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 16, 1944.