[Civ. No. 6470.   Fourth Dist.   Aug. 25, 1961.]

Adoption of DENISE LORRAINE CURTIS, a Minor. CAROL ANN NAPOLITANO, Appellant, v. JOSEPH JOHN MARTON et al., Respondents.

Harry Ashfield, Theodore Teacher and John F. Haigler for Appellant.

Karpinski & Ferguson, Charles Elwyn Karpinski and Paul E. Gaskins for Respondents.

COUGHLIN, J.—This is an appeal from an order denying a petition to withdraw consent to an adoption. The petitioner, Carol Ann Napolitano, who is the appellant herein, on November 20, 1954, when 17 years of age and unmarried, gave birth to a girl child; later married Peter Napolitano; gave birth to a boy child, the issue of this marriage; separated from her husband on September 20, 1958; a month later placed her daughter with the respondents herein; on July 23, 1959, signed a consent to the adoption of her daughter by respondents, who had instituted proceedings for such adoption; and on November 24, 1959, filed a petition in the trial court for permission to withdraw such consent and for dismissal of the adoption proceedings.

A hearing was held on this petition. Previously, the San Diego County Department of Public Welfare had filed two reports in the proceedings; the original report recommended that the petition for adoption be granted; the subsequent report recommended that the petition for withdrawal of consent be granted. The evidence adduced at the hearing showed that the petitioner had left her minor daughter in the care of her mother for 3½ years. During the greater part of this

time petitioner was working, although she was married to Napolitano. Her husband disliked the little girl and referred to her illegitimacy in vile terms. When petitioner and her husband separated, the little girl was in a rundown physical condition; was taken from her maternal grandmother; and was placed with the respondents who cared for her at their own expense. At the time of the hearing she was in excellent health. Between October 1958, when the child was placed with respondents, and January 8, 1960, the date of the hearing on the subject petition, the petitioner had visited with her daughter not to exceed 10 times. When petitioner separated from her husband their son was placed with the husband's mother where he remained. The husband also lived with his mother. The petitioner testified that in the event her petition was granted and the adoption proceedings dismissed, she intended to place her daughter with her husband's mother during the day time, and would care for her during the night time at an apartment which she intended to rent near the mother's residence. She also testified that her husband was unwilling to have a reconciliation if her daughter was to live with them.

The court refused to approve the withdrawal of petitioner's consent to the adoption.

Pertinent parts of section 226a of the Civil Code provide:

"Once given, consent of the natural parents to the adoption of the child by the person or persons to whose adoption of the child the consent was given, may not be withdrawn except with court approval. Request for such approval may be made by motion, or . . . a petition. . . .

"The State Department of Social Welfare or the licensed county adoption agency shall, prior to the hearing of the motion or petition for withdrawal, file a full report with the court and shall appear at the hearing to represent the interests of the child. . . .

". . . If the court finds that withdrawal of the consent to adoption is reasonable in view of all the circumstances, and that withdrawal of the consent will be for the best interests of the child, the court shall approve the withdrawal of the consent; otherwise the court shall withhold its approval. . . ."

These provisions clearly vest in the trial court a legal discretion in the premises, and the exercise thereof will not be interfered with on appeal unless there is a clear showing of abuse of such discretion. (*Adoption of Pitcher*, 103 Cal.

App.2d 859, 864 [230 P.2d 449]; *In re Hickson,* 40 Cal.App. 2d 89, 93 [104 P.2d 411].)

The petitioner contends that the order appealed from should be reversed because the court failed to consider the report of the department of public welfare, erroneously interpreted facts, and refused to grant a new trial upon the ground that she was led to believe there would be no contest to her petition and she thus was taken by surprise.

The report of the department of public welfare, recommending that the motion to withdraw consent be granted, was on file at the time of the hearing. The petitioner's contention that the court did not consider the same is based on a statement made by the trial judge asking for a stipulation that the report of the department be admitted into evidence; that this statement referred to *the* report of the department, using the singular tense and not the plural; that two such reports were on file; and the judge thereafter specifically commented on the original report, i.e., that recommending the granting of the petition for adoption, but did not comment on the subsequent report, i.e., that recommending the granting of the petition to withdraw consent. Nowhere in the record before us does it appear that the court refused to or did not consider the subsequent report. No showing to the contrary appearing, it must be presumed that official duty was performed and that the court did consider the later report. (Code Civ. Proc., § 1963, subd. 15; *Estate of Dean,* 149 Cal. 487, 495 [87 P. 13]—stating there is a presumption of correctness and regularity in the proceedings before the trial court; *More* v. *Finger,* 128 Cal. 313, 321 [60 P. 933]; *Gambert* v. *Hart,* 44 Cal. 542, 549; *Jones* v. *Morse,* 36 Cal. 205, 207; *Estate of Da Roza,* 82 Cal.App.2d 550, 555 [186 P.2d 725]; *Fachadio* v. *Krovitz,* 62 Cal.App.2d 362, 364 [144 P.2d 646]; *Potter* v. *Smith,* 48 Cal.App. 162, 169 [191 P. 1023]; *cf. Peckwith* v. *Lavezzola,* 50 Cal.App.2d 211, 217 [122 P.2d 678].) This presumption is supported by the fact that on the hearing of petitioner's motion for a new trial the judge indicated that he had considered the report in question and had rejected the recommendation of the department.

Prior to the hearing of a motion or petition to withdraw consent to an adoption, the State Department of Social Welfare, or the licensed county adoption agency acting in its stead, must "file a full report with the court," presumably upon the subject matter thereof, but is not required to make any recommendation in connection therewith. (Civ. Code,

§ 226a.) This report becomes a part of the proceedings and may be considered by the trial court without any stipulation from the interested parties granting permission to do so; its purpose is to assist the court in arriving at a decision; but it does not control that decision. (*Adoption of Berth,* 79 Cal. App.2d 221, 225 [179 P.2d 572].) It is noteworthy that the report filed in the instant case by the county department of public welfare stated that the mother planned to take the child into her own home; to continue to work; and to place the child at a nursery school during working hours. However, at the hearing the mother testified under oath that she intended to place the child with her mother-in-law during working hours; that her husband was then living with her mother-in-law; and that her husband called the child vile names and disliked her intensely. After the mother had testified, the trial court asked the representatives of the department whether they wished to make any statements in the matter in addition to their reports and they replied in the negative. The trial court justly was concerned with the placement of the little girl in an environment such as that proposed by her mother, and also with the ability of the mother properly to care for her child in the light of such a proposal.

From the record before us it is evident that the trial court based its order upon the finding implicit therein that the withdrawal of consent to the adoption would not be for the best interests of the child. This was a determination of a question of fact. The conclusion reached is adequately supported by substantial evidence. Under time-honored rules it may not be set aside on appeal. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231] ; *Coutts* v. *Grant,* 184 Cal.App.2d 255, 257 [7 Cal.Rptr. 431].) The petitioner contends that in arriving at its conclusion, the trial court misinterpreted her testimony. We have examined the record in the light of this contention and find the contention is without merit. ▮ The interpretation of testimony and the weight to be given it are functions of the trial court and its decision in the premises will not be interfered with on appeal unless shown to be wholly unreasonable. (*Edwards* v. *Billow,* 31 Cal.2d 350, 358-359 [188 P.2d 748] ; *Harris* v. *Los Angeles Transit Lines,* 111 Cal.App.2d 593, 599 [245 P.2d 35] ; *Estate of Isenberg,* 63 Cal.App.2d 214, 216, 217 [146 P.2d 424].) The interpretation which the record indicates the court placed on the petitioner's testimony is adequately supported by the evidence.

184

Petitioner's objection is based on the assumption that the court drew a conclusion from this interpretation which was false. There is no basis for this assumption. The objection, therefore, is not supported by the record and must be rejected.

The petitioner also contends that she did not fully present her case at the hearing because the attorney for respondents represented that they did not intend to contest her petition; that she was taken by surprise; and that the court should have granted her motion for a new trial upon this ground. This matter was called to the attention of the trial court for the first time on the motion for a new trial; the representation was not referred to at the hearing and no motion for a continuance was made at that time; the attorney for the respondents denied making the alleged representation; no adequate or proper showing was made as to what additional evidence might be presented at a new hearing; the court expressed the belief that the matter was fully presented on behalf of the petitioner, and denied the motion for a new trial.

The granting or denial of a motion for a new trial on the ground of surprise is largely a matter of discretion. (*Kenezleber* v. *Wahl,* 92 Cal. 202, 207 [28 P. 225]; *Wilson* v. *Kopp,* 114 Cal.App.2d 198, 206 [250 P.2d 166]; *Baker* v. *Berreman,* 61 Cal.App.2d 235, 246 [142 P.2d 448].) An order denying the same has been sustained where the moving party knew of the fact causing the surprise during the course of the trial and failed to move for a continuance (*Kauffman* v. *DeMutiis,* 31 Cal.2d 429, 432 [189 P.2d 271]; *Estate of Nessel,* 164 Cal.App.2d 798, 803 [331 P.2d 205]; *Cook* v. *Mehlberg,* 140 Cal.App.2d 10, 16 [294 P.2d 746]; *Noble* v. *Tweedy,* 90 Cal.App.2d 738, 742 [203 P.2d 778]); there was no showing as to what additional evidence would be produced in the event a new trial were granted (*Cohen* v. *City of Alameda,* 124 Cal. 504, 508-509 [57 P. 377]; *Wilson* v. *Kopp, supra,* 114 Cal.App.2d 198, 207]; or it was not made to appear that a different result might have been reached except for the surprise. (*Brooks* v. *Johnson,* 122 Cal. 569, 572 [55 P. 423]; *Wilson* v. *Kopp, supra,* 114 Cal.App.2d 198, 207; *Moore* v. *Franchetti,* 22 Cal.App.2d 75, 79 [70 P.2d 492].) Applying these authorities to the case at bar, no abuse of discretion appears; the order of denial was not error.

The order is affirmed.

Griffin, P. J., and Shepard, J., concurred.