Argued January 20; affirmed February 24, 1931

## BAKKUM *v.* HOLDER
(295 P. 1115)

*Henry S. Westbrook*, of Portland, for appellant.

*Clarence J. Young*, of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondent.

CAMPBELL, J. This is an action to recover damages for personal injury. Plaintiff's complaint, so far as it is necessary for the consideration of this appeal, alleges in effect: That she was crossing Twenty-first street in Portland, between Glisan street and Flanders street, when she was struck by defendant's automobile; that defendant was careless and negligent in the fol-

lowing particulars; in that he failed to keep his car in a straight course but swerved to the right and struck plaintiff; that he failed to give warning of his approach; that he failed to slacken his speed and stop; that he failed to control his car and give the plaintiff the right of way.

Defendant answered, denying any acts of negligence on his part, and alleged that the injury was occasioned by the plaintiff's negligence in that she failed to keep a proper lookout; that she had come to a stop near the middle of the street, giving the defendant the impression that she intended to wait and let him go by; that she suddenly and unexpectedly and without warning and without heed of her surroundings stepped out towards the path of travel of defendant's car; that she did not cross the street at a regular pedestrian crossing, nor at right angles; that she crossed the street in a diagonal direction towards the north and did not exercise reasonable care under the circumstances.

All the new matter in the answer is denied by the reply.

The case was tried to a jury. No motion for a non-suit was made, but at the close of all the testimony, defendant moved for a directed verdict in his favor, which was allowed. An exception was taken to this ruling. Upon the directed verdict a judgment was entered for defendant, from which judgment this appeal is taken.

The testimony of plaintiff, or the admissions in the answer show: Twenty-first street in Portland where the accident occurred is a paved and improved street with sidewalks on each side thereof, running in a northerly and southerly direction; that it is in a

residential and business district; that Flanders street is also improved, running at right angles to Twenty-first street; that Glisan street, also improved, is the next street north of Flanders street and parallel therewith. That on June 17, 1927, the time of the accident, the plaintiff was fifty-nine years of age, well and strong, in full possession of all her faculties, especially her eyesight and hearing. That the day was fine; the sun was shining; and the street was perfectly dry. Plaintiff lived at 655 Flanders street and had lived there for the preceding fourteen years. That on the day of the accident, at about ten-thirty o'clock in the forenoon, she left the post office at the corner of Twenty-first and Glisan streets, walked southerly on the sidewalk on the west side of Twenty-first street to about the middle of the block. She then looked northerly and southerly, saw no vehicle approaching in either direction, and stepped from the sidewalk into the street, and proceeded across Twenty-first street to the east side thereof. The place of collision was on the east side of the center line of the street at a point about thirty-five feet northerly from Flanders street. Assuming that the distance between Flanders street and Glisan street is 200 feet, she walked without stopping or looking, between the curbs on Twenty-first street diagonally, some seventy feet. The defendant's machine approached her from the south on the same street. When walking in the course she took, she was almost facing the approaching machine.

None of these facts are in dispute except defendant says plaintiff stopped about the middle of the street and then when the front bumper of his car got opposite her she hurriedly proceeded in a northeasterly direction toward his car and collided with it. There is no part of defendant's testimony that proves or tends to

prove that defendant was negligent, or that the plaintiff was less negligent than her own testimony shows. But plaintiff contends that there was contradictory testimony as to how the accident happened, and therefore the court should not have taken the cause from the jury.

 It is true that there is contradictory testimony, but the contradiction simply amounts to this: Plaintiff shows in her testimony that she failed to exercise ordinary care and was, therefore, guilty of contributory negligence. The defendant contends that she was more culpable in this respect than she admits. Why should that question be submitted to the jury? Thus, viewing the plaintiff's case in its most favorable light as shown by the testimony of all of the witnesses, there is nothing left upon which to base a verdict in her favor, except that she walked across the street, not on a regular pedestrian crossing. She looked before she started and saw no one approaching and thought she could get safely across on the course she had chosen; and when she was almost across, she was struck and injured. She did not know what struck her nor where the object came from. According to the testimony of both plaintiff and defendant, defendant was on the right side of the street. The only testimony regarding speed was that the defendant was going about ten miles an hour. He had the right of way: Oregon Code 1930, § 55-601. It was plaintiff's duty not only to look before she started across but also keep a lookout while she was in that part of the street not ordinarily used by pedestrians and where vehicular traffic might be expected at any moment. Had she used ordinary care she must have seen the approaching automobile which she was facing. The jury may not be permitted to speculate or guess that, because she met

with an accident, the defendant was necessarily careless or negligent, and that such carelessness or negligence was the proximate cause of her injury.

The doctrine of the last clear chance is not made an issue by the pleadings nor by the testimony.

The court did not err in directing a verdict, and the judgment is affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur