[Civ. No. 9675.   First Appellate District, Division Two.—July 24, 1935.]

E. J. MATTOCKS, Appellant, v. F. W. WOOLWORTH
   COMPANY (a Corporation), Respondent.

Alfred Aram, George Olshausen and John K. Hagopian
for Appellant.

Archer Bowden and Wright & Wright & Larson for Re-
spondent.

NOURSE, P. J.—Plaintiff sued the Pacific Motor Transport Co., the Woolworth Company, and the Valley Truck Lines for damages arising from the operation of a sidewalk elevator maintained on the premises of the Woolworth Company. Negligence was charged against all the defendants in the following terms: That "defendants operated a certain 'sidewalk elevator' so carelessly, negligently and without warning of any nature whatever and without regard to the safety of the pedestrians . . . as to cause and did cause plaintiff to be suddenly raised into the air several feet, and by reason thereof plaintiff fell to the sidewalk and pavement and sustained serious injuries".

When the cause was called for trial the two trucking concerns asked for a continuance on the ground that they were unable to procure two necessary witnesses. In an affidavit of counsel for one of these defendants it was stated that they would testify that an employee of the Woolworth Company piloted the elevator up to the sidewalk for the purpose of returning the truck drivers to the sidewalk. It was stipulated that they would so testify and the continuance was denied. Plaintiff then put in his case but failed to prove any connection between the two trucking concerns and the accident. Their motions for nonsuit were both granted and the trial was continued as to the Woolworth Company.

Evidence was received showing without contradiction that the Woolworth Company owned the building and the elevator, that two employees of some trucking concern delivered goods to this company on the morning of the accident, that an employee of the Woolworth Company met them at the elevator entrance and piloted them with the goods to the basement where the goods were deposited and checked, and that, when this employee was temporarily absent, these truck drivers, without the knowledge or consent of the Woolworth Company, suddenly seized the elevator and ran it to the sidewalk, striking plaintiff and causing the injuries complained of. Upon these facts the trial court found that the Woolworth Company was not guilty of any negligence and gave judgment accordingly.

Appellant does not question the sufficiency of the evidence to support this judgment but argues that the trial court

should have adopted another theory and found that respondent was negligent because it failed to take sufficient means to prevent third persons from meddling with the elevator. This theory was not presented to the trial court and it cannot be criticised for not adopting it. Furthermore, appellant did not offer any evidence in support of this theory and was not denied the right to do so.

Appellant also argues that he has a *res ipsa loquitur* case and should therefore have judgment. The argument is the extreme of the application of this doctrine to the ordinary action in tort. It is exceedingly difficult to follow the changing opinions of our appellate courts in reference to this doctrine but we have not as yet found any holding that a plaintiff need prove nothing but the fact that he was injured. Throughout the trial appellant contended that the elevator was operated by an employee of the respondent. His own witnesses and those called by respondent proved that such was not the fact. Hence if there is any room here for the *res ipsa loquitur* doctrine the occurrence was satisfactorily explained by the showing that the instrumentality was not in the control of this respondent.

The only question of law raised on the appeal is one which is controlled by the settled rule that the inference arising out of the *res ipsa loquitur* doctrine is just one piece of evidence which may be offset by other evidence, and that when the trial court has found upon the conflict our review on appeal ends when it appears that the finding of no negligence has substantial support in the evidence.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.