[Civ. No. 13715. Second Dist., Div. Three. Feb. 25, 1943.]

CARMELA FOTI, et al., Appellants, v. JAMES P. MORRISSEY, et al., Respondents.

Stephen Monteleone and Otto A. Gerth for Appellants.

Nourse & Jones and Pat A. McCormick for Respondents.

SHINN, J.—In this action, brought by the widow and children of Mitchell Foti to recover damages for his alleged wrongful death, defendants prevailed in a jury trial and plaintiffs appeal. Upon the appeal it is contended that the evidence established as a matter of law the negligence of defendant James P. Morrissey, who was driving the automobile of William J. Morrissey with the latter's consent when it struck and fatally injured deceased; also that there was no evidence whatever that deceased was guilty of contributory negligence. Certain claims of error are predicated upon the giving of instructions.

At about 11 p. m. on the 28th of December, 1940, Mitchell Foti, who was on his way home from work, alighted from a west-bound street car at the northeast corner of Vernon and Main Streets in the city of Los Angeles; the street car resumed its course and crossed Main Street going west; deceased also proceeded westerly across Main Street and was struck by the automobile a foot or two before he reached the middle of Main Street, receiving fatal injuries. It was raining at the time; defendant was driving north near the center of Main Street with his headlights burning and with two windshield wipers in motion on his car. Some 50 feet southerly from Vernon Avenue he slowed down from a speed of 30 miles to about 20 miles per hour, and seeing that the signal had changed from "stop" to "go" for northbound traffic, defendant drove across Vernon Avenue after the street car had crossed over. The left front fender of his car struck deceased at a point some 13 feet north of the north crosswalk of the intersection and close to the center line of Main Street; deceased was thrown slightly forward and to the left so that he fell in front of a car standing at the intersection headed south. Defendant did not see deceased until just as the car struck him, and testified that deceased was running at that time. The light thrown by the headlights of defendant's car was sufficient to enable him to see for a distance of 90 feet ahead. His car was stopped within a few feet after the impact. These were the principal facts as given in evidence and could have been accepted by the jury notwith-

standing some minor contradictions and inconsistencies in the testimony.

While it is not contended that defendant was driving at an unsafe speed, it is claimed that his negligence was established by uncontradicted evidence, in that he failed to see deceased before the accident and in that he was not driving as close to the right-hand curb as practicable, within the requirements of section 525 of the Vehicle Code.

Defendant testified that as he started across Vernon Avenue he looked to the east and to the west for approaching traffic; that he looked at the north crosswalk and there was no one therein. The headlights of the car which was standing on the west side of Main Street north of the crosswalk were shining toward defendant. Deceased was wearing dark clothes.

Whether defendant in the circumstances related exercised ordinary care in looking for vehicles and pedestrians or was negligent in failing to see deceased sooner than he did was purely a question of fact for the jury, and if they believed that the evidence failed to establish negligence in that particular, we could not disturb such finding as without support in the evidence.

It is contended that defendant was negligent as a matter of law in failing to travel as close to the right-hand curb as practicable.

Section 525 of the Vehicle Code provides in substance, in respects here pertinent, that a vehicle shall be driven as close as practicable to the right-hand curb or edge of the roadway except when overtaking or passing another vehicle proceeding in the same direction under the rules governing such movement, or in preparing to make a left-hand turn or unless the right half of the roadway is closed to traffic while under construction or repair.

This particular charge of negligent conduct was not advanced at the trial, no evidence was addressed to the point and no instruction as to the law involved was requested or given. It is presented for the first time upon appeal, and then in so inconspicuous a manner that it has escaped the attention of respondents. It is well settled that an appellate court will not review alleged errors occurring at the trial which were not called to the attention of the trial court, and that an appellant will not be allowed to develop issues or theories of the case differing from those upon which it was tried. (*Ales* v.

*Ryan,* (1936) 8 Cal.2d 82, 105 [64 P.2d 409]; *Hanchett* v. *Wiseley,* (1930) 107 Cal.App. 230, 234 [290 P. 311].) The rule has been applied to theories of negligence presented for the first time on appeal. (*Mattocks* v. *F. W. Woolworth Co.,* (1935) 8 Cal.App.2d 489 [47 P.2d 805].) It should be applied here. Defendant testified that as he approached the intersection he observed a car headed south making a left-hand turn in the intersection and that he thought the driver was intending to make a U turn, which would have brought him ahead of defendant's car and traveling north on Main Street. That fact might well have influenced the course taken by defendant driver at the time of the accident. This is mentioned only as an isolated fact which might have had a bearing upon the charge of negligence now relied upon had the same charge been made or even suggested during the trial. Other facts might have been developed to explain or excuse defendant's driving in the middle of the street had he been accused of negligence in so doing. Plaintiffs cannot take advantage of defendant's omission to acquit himself of an act now asserted to have been negligent with which he was not charged, which plaintiffs did not seek to establish by their evidence, and did not seek to have presented to the jury as an issue in the case.

 The views we have expressed render it unnecessary to refer except briefly to the further contention that the evidence shows without conflict that deceased was not guilty of contributory negligence. No witness testified to having observed the movements of deceased from the time he alighted from the street car until he reached the point of the accident, although he was seen by one witness to be proceeding across the street in the general direction of a passenger loading zone for southbound street cars at the intersection and by another witness just before or at the time he was struck. Under those circumstances plaintiffs were entitled to the benefit of the presumption that deceased was proceeding in the exercise of ordinary care. (*Wiswell* v. *Shinners,* (1941) 47 Cal.App.2d 156, 160 [117 P.2d 677].) However, there was substantial evidence that he was some 13 feet north of the north crosswalk and some evidence that he was running at the time of the accident. It was his duty under the circumstances to yield the right of way to defendant's car (Vehicle Code, sec. 562), which he failed to do. He was therefore guilty of negligence. (*Vitali* v. *Straight,* (1937) 21 Cal.App.2d 253 [68 P.2d 746].)

Under proper instructions as to the presumption relied upon by plaintiffs and as to the duty of deceased as a pedestrian crossing the street outside of a pedestrian crossing, the issue of contributory negligence was submitted to the jury; the implied finding that deceased was guilty of contributory negligence which proximately contributed to his injury is not without support in inferences reasonably to be drawn from the evidence and is therefore conclusive upon this court.

 The jury was instructed as follows: "If you find from the evidence that the decedent was crossing Main Street at a point other than within a cross-walk, the law required him to yield the right of way, that is, the privilege to the immediate use of the highway, to the defendant James P. Morrissey, and if you find that the decedent was crossing at such a point and he failed to yield the right of way, you will find him to have been negligent as a matter of law." The giving of the instruction is assigned as error, not because it states the law incorrectly but because it states it too bluntly and without explanation of what would have constituted a yielding of the right of way by the decedent if he was found to have been under that duty. Our attention is called to *Umemoto* v. *McDonald*, (1936) 6 Cal.2d 587 [58 P.2d 1274]; *Mitrovitch* v. *Graves*, (1938) 25 Cal.App.2d 649 [78 P.2d 227]; and *Watkins* v. *Nutting*, (1941) 17 Cal.2d 490 [110 P.2d 384]. It is quite true that an instruction upon a rule as vital as the right of way rule should not be stated in language so abstract and laconic as to leave the jury free to believe that a pedestrian struck outside of a pedestrian crossing must have been guilty of failing to yield the right of way and consequently guilty of contributory negligence. It is likewise true that when the right of way rule is stated in such a case it should be with the explanation that the vehicle driver who is entitled to the right of way is not thereby excused from the duty to exercise ordinary care. No request was made by plaintiffs for additional instructions and they cannot now justly complain of the failure of the court to give them of its own motion. (*American M. P. Co.* v. *Nyno Line, Inc.*, (1924) 70 Cal.App. 415, 423 [233 P. 366].) The further contention that there was no evidence that decedent was crossing the street outside of a crosswalk, sufficient to justify the giving of the instruction, is not sustained by the record.

 Error does not appear in the instruction to the effect that the jury might consider whether a witness had been fairly

dealt with by counsel or whether he was "without fault of his own, confused or embarrassed and thus placed in a light not truly representative." The instruction as worded applied to all of the witnesses in the case and to all of the counsel in the case, for that matter. It was given at the request of the defendants, although the jury, of course, would not have known this. It is sufficient to say that the thought conveyed by the instruction is not shown to have been unwarranted and it is to be presumed that the trial judge wisely exercised his discretion in cautioning the jury as he did.

The judgment is affirmed.

Desmond, P. J., and Shaw, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 22, 1943. Carter, J., voted for a hearing.