[Civ. No. 3843.   Fourth Dist.   Dec. 1, 1948.]

PAULINE RIOS, as Administratrix, etc., Appellant, v. JOHN BROWN BENNETT, JR., et al., Respondents.

920

Novack & Haberkorn for Appellant.

Spray, Davis & Gould for Respondents.

MUSSELL, J.—This is an action for damages for the wrongful death of a pedestrian in an automobile accident.

The decedent, Jose M. Rios, on the night of January 12, 1946, after consuming a bottle of beer, left a restaurant on the north side of 5th Street in the city of San Bernardino, intending to go to his residence across the street and a short distance west. Luther Gonzales, a witness called by plaintiff, testified that he saw the decedent somewhere around 11 o'clock p.m. walking west on the sidewalk on the north side of 5th Street approximately 50-75 feet in front of the witness; that decedent, when approximately half way between Cabrera and Ramona Streets, which run north and south and intersect 5th Street, left the curb and walked diagonally across 5th Street and into the path of an automobile then being driven by defendant John Brown Bennett, Jr. Bennett testified as follows:

"I was traveling east on 5th Street about 11:30 and driving between 30-35 miles per hour. The visibility was all right and we were going along heading toward San Bernardino when suddenly this man seemed to come out of nowhere right in front of my car, between five and ten feet in front, and I took my foot off the gas but I did not have time to apply the brakes and I hit him with the right front section of my car."

Decedent was struck when approximately 10 feet from the south curb line of 5th Street and in the south traffic lane, used by vehicles traveling in an easterly direction. He was thrown in the air by the impact, carried several feet to the east, and died before the ambulance arrived. There was a marked pedestrian crosswalk crossing 5th Street on the west side of Cabrera Street but none between Cabrera and Ramona Streets where decedent attempted to cross.

A jury trial was had, resulting in a verdict for the defendants. Plaintiff appeals from the judgment.

Plaintiff first contends that the court erred in sustaining the objection of defendants to a question relative to speed signs and to an offer of proof.

The question propounded to a traffic officer, his answer, the objections, the offer of proof, and the rulings of the court are as follows:

"Q. Was there on the 12th day of January, 1946, any signs in relationship to speed? A. Yes. MR. DUCKETT: I object to that on the ground it is incompetent, irrelevant, and immaterial and no foundation laid. THE COURT: Sustained. MR. NOVACK: On what ground, no foundation laid or it is incompetent, irrelevant and immaterial? THE COURT: I think both grounds. MR. NOVACK: May we approach the Bench? THE COURT: Yes. MR. NOVACK: If the Court please, I would like to make an offer of proof. At this time I want to make an offer of proof showing that the city of San Bernardino duly authorized the posting of signs and the same were duly posted and the signs were in accordance with the laws of the State of California. MR. DUCKETT: I object to it on the ground it is incompetent, irrelevant and immaterial, and no foundation laid and doesn't tend to prove or disprove any of the issues in this case. THE COURT: Sustained."

The answer to the question was allowed to remain in the record. No motion was made to strike it and no error resulted.

The offer of proof was made the following day after plaintiff had once rested her case and had thereafter been

granted permission to produce further testimony. The offer was not made when any witness was on the stand. It does not appear what witness, if any, would testify to the contents thereof and the statement of the evidence whereby the fact in issue was to be proved was incomplete. As was said in *Stickel* v. *San Diego Electric Ry. Co.*, 32 Cal.2d 157, 163 [195 P.2d 416]: "A mere general offer of proof without producing the witness or stating the evidence whereby the fact in issue is to be proved, or, if the witness be present, without putting a question to him in such form as to give opportunity for objection, is not correct trial procedure and it affords no ground for appeal." Moreover, a witness for the defendant testified that the defendant driver cut down his speed when he came to the 25-mile an hour zone. From this and other references made in the presence of the jury as to speed limit signs, the jury was sufficiently informed that the accident happened in a speed restricted area. We see no reversible error in the court's ruling.

Plaintiff contends that the court erred in giving the following instruction:

"I instruct you that to look and fail to see that which is in plain sight is just as negligent as not to look at all. I therefore instruct you that if you believe from the evidence that the deceased, Jose M. Rios, looked toward defendant's car before he stepped out onto the highway and failed to see it, then I instruct you that he was guilty of negligence as a matter of law if you believe from the evidence that the defendant's car was in his immediate vicinity and in plain sight."

The rule as stated in *Sanker* v. *Humborg*, 48 Cal.App.2d 203, 204 [119 P.2d 431], is that "where a pedestrian, about to cross a public street, looks before he places himself in a position where he may be in peril, and either fails to see an approaching vehicle or misjudges its distance from him, or its speed, and proceeds on his way without again looking, the question of his negligence generally is one of fact and not of law; that where he does not look at all or when he looks from a position where he cannot see and takes no precaution for his own safety, the question of his negligence generally is one of law and not of fact."

Whether a mistake in judgment by a pedestrian when crossing a street, as to the speed and danger of an approaching vehicle constitutes contributory negligence is a question for the jury. (*Kirk* v. *Los Angeles Ry. Corp.*, 26 Cal.2d 833,

839 [161 P.2d 673, 164 A.L.R. 1].) In the instruction under consideration the charge contained therein was predicated upon the existence of the fact that the evidence shows that the deceased "looked toward defendant's car before he stepped out onto the highway and failed to see it," and further, "that the defendant's car was in his immediate vicinity and in plain sight." There is no direct evidence in the record that the deceased looked or did not look before he stepped out onto the highway. ▮ It is presumed that he used ordinary care for his own safety and that in so doing he looked. (*Gustafson* v. *Blunk*, 4 Cal.App.2d 630, 635 [41 P.2d 953].) The witness Gonzales who was approximately 50-75 feet to the rear of deceased, testified that when decedent started to cross the street a car was coming and was observed by the witness.

▮ We think that the instruction should not have been given in the circumstances here shown. However we do not think that the error was prejudicial or that it affected the result of the action. The decedent, after having stepped from the sidewalk to the street, which was 54½ feet wide, walked diagonally across and into the path of defendant's car. There was nothing to obstruct his view of the approaching vehicle and it does not appear that he did anything to avoid being struck. The car was in the proper traffic lane and it was the duty of the decedent to yield the right of way (Veh. Code, § 562) which he failed to do.

▮ The duty of a pedestrian to yield the right of way while crossing a street, other than at a regular crosswalk, as imposed by section 562 of the Vehicle Code, may call for a higher degree of care upon the part of such pedestrian than would be applied to one crossing at a regular crosswalk, but the question as to whether or not such care was exercised in a given case is one for the jury, unless he is so careless that it can be said he is negligent as a matter of law. (*Watkins* v. *Nutting*, 17 Cal.2d 490, 495 [110 P.2d 384]; *Brannock*, v. *Bromley*, 30 Cal.App.2d 516, 524 [86 P.2d 1062].) In *Foti* v. *Morrissey*, 57 Cal.App.2d 328 [134 P.2d 51], where there was evidence that the deceased was crossing the street outside a pedestrian crossing and that he was running at the time of the accident, the court held that it was his duty to yield the right of way to defendant's car and he was guilty of negligence if he failed to do so.

A similar factual situation was presented in *Vitali* v. *Straight*, 21 Cal.App.2d 253 [68 P.2d 746], and the court

there held that assuming that there were instructions in some respects objectionable, the facts were such that the contributory negligence of Vitali would have precluded the rendition of a judgment in favor of plaintiffs, and that the provisions of section 4½ of article VI of the Constitution must be given application.

The jury was fully instructed as to the duty of decedent while crossing the street. ■ The law placed upon him the continuing duty to exercise ordinary care to avoid an accident after he left the sidewalk and at all times while crossing the street. (*Lang* v. *Barry*, 71 Cal.App.2d 121, 125 [161 P.2d 949].) The instructions when read as a whole left the question of contributory negligence on the part of deceased for the determination of the jury as a question of fact.

■ There was substantial evidence that the decedent crossed the street into the south lane of traffic without taking adequate precautions before doing so, in that he either did not look to the west for approaching cars, or if he did so look, he failed to see what was in plain sight, and there was no reason why he could not have paused to let the car pass and yield the right of way as required by law. The implied finding of the jury that the deceased was guilty of contributory negligence which proximately contributed to his injury and death is amply supported by the evidence (*Chase* v. *Thomas*, 7 Cal.App.2d 440 [46 P.2d 200]) and its finding under all the circumstances of the case is conclusive on appeal. (*Isaacs* v. *City & County of San Francisco*, 73 Cal.App.2d 621, 628 [167 P.2d 221]; *Fuentes* v. *Ling*, 21 Cal.2d 59, 62 [130 P.2d 121].)

■ It is finally urged that the court erred in giving repetitious instructions on contributory negligence and burden of proof.

Defendants offered 28 given instructions, of these five related to contributory negligence, and seven to the burden of proof. The instructions on both subjects contained statements of different principles of law applicable to the case and were not unduly repetitious. Nine instructions, after stating the particular principle of law ended in such expressions as "Your verdict must be against plaintiff and in favor of defendant"; "Your verdict must be for defendant" or "Plaintiff cannot recover against defendant." The giving of these instructions is not of itself prejudicial error, but as was said in *Taha* v. *Finegold*, 81 Cal.App.2d 536, 543 [184 P.2d 533], such instructions "are not calculated best to serve

most successfully the administration of justice. Their final disappearance will improve the conduct of court trials." (*Tice* v. *Pacific Elec. Ry. Co.*, 36 Cal.App.2d 66, 71 [96 P.2d 1022, 97 P.2d 844].)

While some of the instructions here given were repetitious the error is not reversible (*Taha* v. *Finegold, supra*) and the respective duties of pedestrian and driver were fully and fairly set forth in the charge.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1949. Carter, J., voted for a hearing.