## OWENS v. UNITED STATES.
### No. 4387.

United States Court of Appeals
Tenth Circuit.
Jan. 29, 1952.

Hunter D. Hardeman, Colorado Springs, Colo., for appellant.

Joseph N. Lilly, Asst. U. S. Atty., Denver, Colo. (Charles S. Vigil, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Mrs. Owens brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, 2671 et seq., to recover damages for personal injuries.

About 7:00 p. m. on September 24, 1949, Mrs. Owens was struck by a United States Army vehicle, commonly called a jeep, being driven by Joseph C. Bankston, a sergeant in the United States Air Force.

The accident occurred on East Platte Avenue [1] in the Nob Hill shopping district, a suburb of Colorado Springs, Colorado. The Avenue runs east and west. Mrs. Owens undertook to cross it at a point where there was neither a cross-walk nor an intersection. Sergeant Bankston was traveling westerly on the Avenue. There was nothing to obstruct Mrs. Owens' vision to the east for a distance in excess of 150 feet. At approximately 150 feet east from the place of the accident there is a high point in the Avenue, from which point the Avenue slopes to the east and to the west. Mrs.

1. Hereinafter referred to as the Avenue.

Owens testified that the accident occurred while she was crossing the Avenue from north to south; that before starting across the Avenue she looked in both directions; that she did not look to the east again until she was almost to the center of the Avenue, when she observed the jeep approaching; that she turned halfway around and that the bumper of the jeep struck her on the right leg, knocking her to the pavement, and causing the personal injuries for which she sought recovery.

Sergeant Bankston testified that he was approaching the place of the accident at approximately 30 miles per hour; that his vision was not obstructed, and that the jeep was in good mechanical condition; that the brakes and lights were good; that he observed two women on his left approaching the paved part of the Avenue from the south; that when he reached a point approximately 50 feet from the women one of them ran across the Avenue in front of him; that when she started to cross in front of him he immediately applied the brakes; that the other woman (who was Mrs. Owens) walked toward his lane of travel and was struck by the side of the jeep, near the driver's seat; that he grabbed her and undertook to keep her from falling, but was unable to do so. He further testified that his problem was to endeavor to avoid hitting both of the women, one of whom had passed in front of him and the other who was approaching his lane of travel from his left, and that he applied his brakes in an effort to avoid hitting both of them.

Sergeant Bankston was more than 50 feet distant from the two women when he applied his brakes, because the brake marks left by the jeep were 61 feet in length.

A disinterested witness, traveling in an automobile and approaching the place of the accident from the west, testified that he saw two women crossing the street from the south to the north; that one of them ran ahead of the other and passed in front of the jeep; that the other woman appeared to become undecided and turned back south and then apparently changed her mind and turned north and ran into the side of the jeep. He testified positively that the contact was not with the front part or bumper of the jeep, but with the side of the jeep.

The other pedestrian did not testify, but her son testified that his mother ran from the south to the north and passed safely in front of the jeep and that Mrs. Owens was traveling across the Avenue from the south to the north, when she was struck by the jeep.

The applicable speed limit was 30 miles per hour.

The trial court found that Sergeant Bankston was driving at a speed in excess of 30 miles per hour and that Mrs. Owens failed to keep a lookout for her own care and safety and failed to observe the jeep approaching her from the east. He concluded that Sergeant Bankston was guilty of negligence and that Mrs. Owens was guilty of contributory negligence which precluded her from recovery.

From a judgment in favor of the United States Mrs. Owens has appealed.

1935 C.S.A. Vol. 2, C. 16, § 215, in part provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

Mrs. Owens undertook to cross the Avenue in the middle of the block, where there was no cross-walk or intersection and where vehicles had the right of way. A pedestrian who attempts to cross a street at a point other than an intersection or a designated cross-walk must exercise a greater degree of care for his own safety than he would if he were attempting to cross at an intersection or a designated cross-walk. He must do more than look to the left or the right before he starts to cross the street. He must remain continually vigilant for approaching vehicles during the entire time he is crossing the street.[2]

2. Webb-Pepploe v. Cooper, 159 Md. 426, 151 A. 235, 237; Vitali v. Straight, 21 Cal.App.2d 253, 68 P.2d 746, 747; Rios v. Bennett, 88 Cal.App.2d 919, 200 P.2d 73, 76, 77; Morris v. Purity Sausage Co., 2 Cal.App.2d 536, 38 P.2d 193, 196;

The findings of the trial court are supported by substantial evidence, are not clearly erroneous, and support the conclusion of law that Mrs. Owens was guilty of contributory negligence, which precluded her from recovery.

Mrs. Owens asserts that she was entitled to recover under the doctrine of last clear chance. She did not make that contention in the trial below and urges it here for the first time.

In Lambrecht v. Archibald, 119 Colo. 356, 203 P.2d 897, 902, the court said: "We believe the settled law in Colorado, relative to the doctrine of last clear chance, is that it becomes applicable to a defendant when the plaintiff is guilty of negligence, but this negligence will not relieve defendant of liability if he knew, or in the exercise of reasonable care should have known, the peril in which plaintiff had negligently placed himself and had a clear chance, notwithstanding such negligence on plaintiff's part, to save him from injury. Defendant's failure to avail himself of such last clear chance is negligence which becomes the proximate cause of plaintiff's injury."

To bring a case within the doctrine of last clear chance under the Colorado decisions, there must be more than a possibility of avoiding the accident; there must be a clear chance to do so.[3]

Here, Sergeant Bankston, when he observed the other pedestrian starting to cross in front of his lane of traffic and Mrs. Owens approaching such lane of traffic, applied his brakes and undertook to pass between the two women. In the situation presented, he had no opportunity to avoid striking them by turning either to the right or the left. He would have avoided the accident had Mrs. Owens not become confused and walked into the side of the jeep. We think there was no basis for a finding that Sergeant Bankston failed to exercise ordinary care to prevent the accident from the time he discovered the peril of Mrs.

Owens and the other pedestrian crossing the Avenue.

We are not to be understood as holding that the doctrine of last clear chance as a basis for recovery, not pleaded or urged in the trial court, may be raised for the first time on appeal.

Affirmed.

---

Livingstone v. Dole, 184 Iowa 1340, 167 N.W. 639, 642; Bakkum v. Holder, 135 Or. 387, 295 P. 1115, 1116.

3. Dwinelle v. Union Pac. R. Co., 104 Colo. 545, 92 P.2d 741, 743; Liutz v. Denver City Tramway Co., 54 Colo. 371, 131 P. 258, 259.