## No. 16,815.

### COMER v. DODD ET AL.
(253 P. [2d] 600)

Decided February 9, 1953.   Rehearing denied February 24, 1953.

Mr. JOSEPH P. CONSTANTINE, for plaintiff in error.

Mr. FRED M. MAZZULLA, Mr. W. T. MOYERS, Mr. CHARLES OZIAS, JR., for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE shall refer to the parties hereto by name or as they appeared in the trial court, where Cyrus Dodd and Louisa Dodd (parents of Charles Edward Dodd, to whom we hereinafter refer as the Dodds) were plaintiffs, and Joseph R. Comer, hereinafter mentioned as Comer, was

defendant. The Dodds in their complaint alleged that an automobile accident occurred at the intersection of Grove Street and West 9th Avenue in Denver, Colorado on April 25, 1950. They further alleged that their minor son, Charles, then approximately eighteen years of age, was a passenger in a Mercury automobile driven by Melvin Lorne Arneson, a boy of the age of seventeen years, which automobile was proceeding in an easterly direction along West 9th Avenue and into the intersection of said Avenue with Grove Street; that at said time and place Comer was driving his automobile northerly along Grove Street, and that Arneson drove the Mercury automobile into and against the car Comer was operating. Plaintiffs further alleged that Comer drove his automobile into and against the Mercury car operated by Arneson. They also alleged several acts of negligence; that because of such negligence, their son, Charles, was thrown to the street, injured, and as a result of the injuries so sustained, died April 29, 1950. Plaintiffs prayed for judgment against the defendant Comer in the sum of $5,000.

Comer filed a motion to make Arneson and Roy Brigham third-party defendants, asserting that Brigham was the owner of the car operated by Arneson. This motion was granted, and Arneson and Brigham were brought into the case. These third-party defendants filed an answer denying negligence and set up other defenses, unnecessary to be herein noted, all of which were identical with the defenses in the answer filed by defendant Comer. Subsequently the trial court dismissed the third-party complaint.

Trial was to the court. The trial judge was of the opinion that both Arneson and Comer were negligent. He further determined that while it was true that the car operated by Arneson "took the right-of-way, the testimony that they were traveling only twenty miles per hour does not seem from the physical facts to conform with the damages. So the court finds that both

drivers were negligent and that Mr. Comer had the last clear chance to probably stop and prevent the accident, and you may amend your complaint, Mr. Mazzulla to raise that doctrine." No such amendment of the complaint appears in the record. Judgment was entered in favor of the Dodds and against Comer in the sum of $2,500 and costs.

Comer brings the case here specifying as grounds for reversal the denial of the motion of his counsel for dismissal at the end of the plaintiff's case; the finding of the court that Comer was negligent and had a last clear chance to "probably" stop, and prevent the accident; and that the findings and judgment are contrary to the law and the evidence.

From the evidence it appears that the right front fender of the Arneson car struck the left front fender of the Comer car at the cowl line of said car, and both cars came together side by side. Then the Arneson car spun sideways about 31 feet and turned over, and Arneson and his passenger were thrown out before the car turned on its side. The Comer car was knocked sideways 38 feet 6 inches from the point of impact. The accident happened on the easterly half of Grove Street and 13 feet 6 inches north of the south curb line of W. 9th Avenue. Each of these streets is 30 feet wide.

By his answer defendant Comer, in addition to denying any negligence on his part; alleged that the injuries to, and death of, Charles Dodd were solely the result of the negligent and reckless manner in which Arneson operated the automobile in which Dodd was riding.

A careful consideration of all the evidence in the case clearly discloses that Arneson took the right-of-way under the Denver ordinance, and that the case clearly comes within the oft-repeated rule concerning right-of-way. The evidence in the record discloses that Comer was not proceeding at a speed in excess of twenty miles per hour. Comer had a teen-age boy in his car, and neither of these persons was injured. The liability of

Comer, if any, for the unfortunate death of Dodd must depend on negligence of Comer as the proximate cause of Dodd's death. This the record fails to show.

Nothing in the records brings the case within the last clear chance rule. It is patent that Arneson took the right-of-way in clear violation of the ordinance, and that his negligence caused this unfortunate accident. The applicable rule is clearly stated in *Aaron v. Wesebaum,* 114 Colo. 61, 162 P. (2d) 232. See, also, *Kracaw v. Micheletti,* 85 Colo. 384, 276 Pac. 333.

We conclude that upon the record as made, defendant Comer was entitled to a judgment in his favor. The judgment is reversed and the cause remanded with instructions to dismiss the action.

MR. JUSTICE MOORE dissents.