## No. 17,378.

ANCHOR CASUALTY COMPANY *v.* DENVER AND RIO GRANDE WESTERN RAILROAD.

(277 P. [2d] 523)

Decided December 13, 1954.

Mr. EDWARD L. WOOD, Mr. WILLIAM K. RIS, Mr. EUGENE S. HAMES, for plaintiff in error.

Mr. T. R. WOODROW, Mr. T. A. CHISHOLM, for defendants in error.

*En Banc.*

Mr. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as plaintiff, instituted its action against defendants in error, hereinafter referred to as defendants, or by name, for damages to an automobile, sustained as a result of an automobile-train accident which occurred on September 11, 1949, near Tolland, Colorado. The automobile was owned by one John A. Rice, and plaintiff had issued an insurance policy to indemnify Rice for loss resulting from collision or upset of the vehicle. Pursuant to the subrogation provisions in the insurance policy, plaintiff instituted the damage action, it having reimbursed Rice for his loss. Defendant Roy H. Hart was an engineer employed by the defendant railroad company, and on the date of the accident was operating a railroad engine along the track of defendant railroad. Plaintiff alleged the accident was the result of the negligence of Hart; that at the time of the accident the automobile was stalled on the railroad track and was completely demolished by the collision. Defendants denied negligence on the part of the railroad, or its engineer, and as addi-

tional defenses alleged the damage for which recovery was sought was caused by the sole or contributory negligence of Rice, the owner of the automobile, or by reason of an unavoidable accident. By way of reply to defendants' answers, plaintiff alleged that even if Rice were contributorily negligent that Hart, in the exercise of due care, had the last clear chance to avoid the collision.

The record discloses the pertinent facts as follows:

At about 3 o'clock A.M. on September 11, 1949, the Buick automobile owned by Rice and driven by Pat Berry, Jr., with Rice and two others as passengers in the car, was being operated along a dirt road, known as State Highway No. 168, between Tolland and East Portal, Colorado. It is admitted that the car in all particulars was functioning properly and was in good order and condition, and that the weather and road conditions were normal. While negotiating an "S" turn to cross the railroad tracks, Berry lost control of the automobile, did not make the corner and missed the railroad crossing. The car came to rest upon the tracks east of the roadway, with its lights pointed at an angle up the tracks. The automobile lights remained burning until the car was struck by the oncoming locomotive. When the occupants of the car abandoned any effort to move the automobile, its front wheels were on the railroad track to the north, and its rear wheels were across the track to the south. The railroad tracks are straight at the crossing and for some 100 or 200 feet to the west, whence they curve to the north. The occupants of the car heard a train whistle, but could not see the train. Berry took a flashlight and ran toward the approaching train and around the bend, where he disappeared from view. After traveling some 1,000 to 2,000 feet he then stepped off to the side and "tried to attract the attention of the engineer with the flashlight." The train passed him and ran into the car. None of the persons who had been in the

car knew the speed of the locomotive at any time. Some of them said the engine did not slow up prior to the impact. It is not disputed that the locomotive stopped about 160 feet after striking the stalled automobile. Defendant Hart, the engineer, testified he was very familiar with the crossing and the track west of it; that on this occasion he was operating a 3600 coal-burning locomotive with an auxiliary water car behind the tender; that he was seated on the right side of the engine cab and that he "could not see the crossing on account of the curvature of the track," hence he did not see the automobile or any lights on the crossing. He further testified that as he passed the whistle post and blew the whistle, some 1,200 feet west of the crossing, a man in the bushes gave him a "high sign" but this man did not give him any stop sign. He thought the man was a fisherman. He also testified that when his engine was about 900 feet west of the crossing the fireman, who was on the left side of the cab told him to "hold her"; that there was something on the crossing. He said the engine was going about twenty-five miles per hour; that he had reduced its speed to about ten miles per hour at the time of the impact; that the engine stopped about 160 feet east of the crossing; after the fireman called a warning the engineer testified he applied his emergency brakes and reversed his engine, and that this was all he could do to halt the progress of the locomotive on this two per cent eastward downgrade.

A motion for a directed verdict in favor of defendants was interposed and denied at the conclusion of plaintiff's case, and a like motion was made at the conclusion of the evidence, and denied. The jury was instructed with reference to the last clear chance rule.

A jury returned a verdict for plaintiff. Judgment was entered on the verdict and defendants were granted thirty days time within which to file motion for new trial and any additional motions they desired to present.

552

Within the time limited defendants filed a motion for judgment, notwithstanding the verdict, also a motion for new trial. The motion for judgment non obstante was denied because the same was not filed within ten days after the reception of the verdict. The court granted defendants' motion for a new trial, and plaintiff filed an election to stand on the record as made and consented that judgment of dismissal be entered, whereupon the trial court dismissed the action. Plaintiff brings the cause here by writ of error.

We are informed by counsel for plaintiff that the "sole matter to be reviewed in this case is whether the trial court erred in granting defendants' motion for a new trial."

It is urged that the trial court erred in granting the new trial because "the trial court failed to consider all the evidence in the case but granted the motion solely because, in the court's opinion, the evidence offered by the plaintiff was insufficient," and because the trial court abused its discretion in granting the motion for new trial.

The trial court found the evidence adduced by plaintiff "did not show the engineer was aware of the peril, nor was there any evidence that he could have stopped the engine and avoided the accident."

After defendants' motion for a directed verdict in their favor was overruled, defendants thereupon introduced their evidence. Under these circumstances our ruling must be predicated upon all the evidence in the case, not merely that introduced by plaintiff. *Johnson v. Burnham*, 198 Wash. 500, 88 P. (2d) 833; *King v. Mendota Coal Company*, 163 Iowa 181, 143 N.W. 539.

Here, plaintiff's case is predicated entirely on the last clear chance doctrine. Plaintiff admits negligence on the part of Rice in leaving his car a-straddle the two railroad tracks, but insists defendants had a last clear chance to avoid the collision. We cannot find evidence

in the record to sustain such a position; hence the giving of an instruction on last clear chance was error, and the trial court was correct in granting a new trial. There is nothing in the record to controvert the fact that the engine crew were alert and watching ahead; that they saw what could have been seen at the crossing at the first opportunity; that thereafter they exercised all reasonable care and stopped the locomotive as soon as it could have been stopped, but were unable to do so prior to striking the stalled car. Reduced to a finality the single question remains, is there evidence in this record that defendants' locomotive could have been stopped after the perilous position of the automobile was or should have been known to defendants. The positive and uncontroverted evidence of one of defendants' witnesses was that one of these 3600 class locomotives moving at twenty-five miles per hour on a two per cent grade could not be stopped short of some 1,375 feet. The undisputed evidence is that the fireman saw a dark object on or near the crossing when the engine was some 900 feet west of the crossing. He then warned the engineer who set his emergency brakes and reversed the engine immediately.

In *Mooney v. Carter*, 114 Colo. 267, 160 P. (2d) 390, we held that the granting of a motion for new trial, "If based upon any other ground than that of the sufficiency or weight of the evidence, it is not discretionary, and the correctness of the ruling is subject to review. If based upon the weight of the evidence, it ordinarily is within the discretion of the trial court and is not subject to review except where the evidence palpably supports the verdict and there has been a clear abuse of discretion."

In *Scott v. Matsuda*, 127 Colo. 267, 255 P. (2d) 403, we said: "Ordinarily, when a motion for new trial is based upon the insufficiency of the evidence to support a verdict, the granting or denial of such a motion is discretionary with the trial court; however, where the evi-

dence palpably supports the verdict, then such discretion is abused if such motion is granted."

■ When a jury is properly instructed, its verdict should not be disturbed by the trial court where the sufficiency of the evidence and the weight to be given thereto was solely within the province of the jury. The trial court may not substitute its view of the conflicting evidence for the conclusion of the jury.

In *Dwinelle v. Union Pacific Railroad Company*, 104 Colo. 545, 92 P. (2d) 741, in discussing the last clear chance doctrine, we said: "The most that can be said here on the point is that the evidence discloses a mere possibility that Flinn might have avoided the collision and that possibility rests upon split seconds. This is not enough to meet the rule. It may present a last, but not a clear, chance, *Cashell v. Southern Ry. Co.*, 152 Va. 335, 147 S.E. 209."

In *Werner v. Schrader*, 127 Colo. 523, 258 P. (2d) 766, the rule was announced as follows: "The last clear chance rule is a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff. The burden is upon plaintiff to prove that he was in a place of danger; that defendant discovered the perilous situation; and that after discovery of plaintiff's danger, defendant could then have prevented the injury by use of reasonable care. * * * Plaintiffs introduced no evidence even remotely tending to show that defendant had a last clear chance to avoid the collision."

■ In the instant case none of the testimony introduced by plaintiff or defendants established or tended to establish that there was anything more than a mere possibility of avoiding the accident, and certainly there is nothing in the record to indicate defendants had a clear chance to do so. See, *Owens v. United States* (10th Cir.), 194 F. 2d, 246. There must be more than a mere possibility of avoiding the accident; there must be a clear chance to do so. Before a case may be submitted to

a jury with an instruction on last clear chance, there must be evidence in the record that defendant had a clear chance to avoid the collision.

We have carefully considered all the evidence in the case and must conclude there was, under the evidence, no issue of fact concerning the last clear chance which was a proper issue for jury determination. We cannot, from a painstaking review of the entire record, discover that any deficiencies in plaintiff's evidence were supplied by evidence offered by defendants in their own behalf.

The judgment of the trial court is affirmed.