No. 19,878.

Pauline D. Sedlmayr *v.* Henry Lung, et al.

(372 P. [2d] 949)

Decided July 2, 1962.

Mr. Arthur W. Zarlengo, for plaintiff in error.

Mr. Duane O. Littell, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error was plaintiff and defendants in error were defendants in the trial court. We will refer to them as they there appeared, or by name.

The action was brought by plaintiff to recover damages for the death of her husband allegedly caused by

defendant Brenner who was driving an automobile "in a negligent and careless manner and struck a horse upon which Lawrence B. Sedlmayr, the deceased husband of plaintiff, was riding, causing injuries * * *" resulting in his death on June 7, 1959. Defendant Lung was the owner of the automobile.

The pleadings raised issues of plaintiff's negligence, contributory negligence of the deceased, unavoidable accident and "last clear chance." The case was tried to a jury which returned a verdict for defendants, and judgment was entered thereon.

Plaintiff is here on writ of error and bases her argument for reversal on the assertion that the trial court erred in giving instruction No. 10 to the jury. It is claimed that this instruction was tantamount to a directed verdict and in effect deprived her of her claim based upon the doctrine of last clear chance.

Defendants assign cross error on refusal of the trial court to grant their motion for a directed verdict at the conclusion of all the evidence. The grounds of the motion were that the contributory negligence of the deceased was undisputed, and that there was not sufficient evidence to warrant submission of the doctrine of last clear chance to the jury. If the argument of counsel for defendants is well founded we need not consider whether the instruction complained of by plaintiff was proper.

A brief statement of the accident which resulted in the death of plaintiff's husband is in order at this point. On the night of June 6, 1959, defendant Brenner was driving east on West Alameda avenue, a four-lane highway in Jefferson county, on the inner lane of the right side of the highway. There is no evidence of speeding or illegal operation of the car. Both he and his passenger were looking straight ahead. There is no evidence of defective lights or brakes, and the undisputed evidence is that neither of them saw the horse, or in the exercise of ordinary care could or should have seen the

horse on the highway. The horse which deceased was riding had suddenly emerged from the borrow pit to the right of Brenner on the south side of the highway. There is no evidence that the horse and rider ever were within the radius of the lights of the car or the vision of Brenner. There is no evidence that Brenner had any chance whatever to avoid the accident, or that he knew or should have known of the presence of the deceased until the horse charged into the right side of the car. The case is well within the coverage of opinions of this Court in which the facts have been held insufficient to submit to the jury the question of last clear chance. *Ankeny v. Talbot, et al.,* 126 Colo. 313, 250 P. (2d) 1019; *Comer v. Dodd, et al.,* 127 Colo. 61, 253, P. (2d) 600. As we said in *Werner et al. v. Schrader,* 127 Colo. 523, 258 P. (2d) 766:

"To make the last clear chance doctrine applicable, it must be established, independent of the doctrine itself, that the defendant after the peril of the injured party arose, was chargeable with negligence constituting a proximate cause of the injury. In the instant case there was no evidence to show a failure on the part of defendant to exercise ordinary care, either before, or at the time of, the accident.

"The doctrine of last clear chance presupposes a perilous situation created or existing through the negligence of both plaintiff and defendant, but it is assumed that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avert the accident."

From *Anchor Casualty Company v. Denver and Rio Grande Western Railroad,* 130 Colo. 548, 277 P. (2d) 523, we quote:

"* * * Before a case may be submitted to a jury with an instruction on last clear chance, there must be evidence in the record that defendant had a clear chance to avoid the collision."

The trial court erred in refusing to grant the motion for a directed verdict in favor of the defendants.

The error is without prejudice however, since the jury found the issues for defendants without direction from the court.

The judgment accordingly is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.