[Civ. No. 20027.   First Dist., Div. Two.   May 20, 1963.]

NOLA ANDERSON et al., Plaintiffs and Appellants, v. WILLIAM KATZ et al., Defendants and Respondents.

Shirley, Saroyan, Cartwright & Peterson and John H. Peterson for Plaintiffs and Appellants.

Pelton, Gunther & Gudmundson and Charles E. Goff for Defendants and Respondents.

SHOEMAKER, J.—Plaintiffs Nola Anderson and Stanley Orme brought this action to recover damages for the wrongful death of their father, Fred Orme. The complaint alleged that defendant William Katz, a minor 19 years of age, had driven an automobile so negligently as to cause it to strike and kill plaintiffs' deceased. It was further alleged that defendants Sam and Tillie Katz, the parents of the minor defendant, had permitted him to use their automobile and had signed his application for issuance of a California operator's license. Defendants answered, denying negligence and raising the defense of contributory negligence on the part of plaintiffs' deceased. After a trial by jury, verdict and judgment were for defendants. Plaintiffs appeal from the judgment and from the order denying their motion for a new trial. The latter order is nonappealable. (*Hamasaki* v. *Flotho* (1952) 39 Cal.2d 602, 608 [248 P.2d 910]; *Rodriguez* v. *Barnett* (1959) 52 Cal.2d 154, 156 [338 P.2d 907].)

The evidence most favorable to the judgment reveals that on September 12, 1958, at approximately 6:45 p.m., Wil-

liam Katz was driving his parents' 1948 Ford sedan in a westerly direction down Kirkham Street. He had turned onto it from 41st Avenue and was intending to drive west on Kirkham to La Playa, and then to the home of his companion, Jean Maisin. Kirkham Street, between 41st Avenue and La Playa, is a straight, wide street which slopes slightly downward and provides an unobstructed view ahead. On the evening in question, however, the defendant, upon turning from 41st into Kirkham, found that the sun was shining directly onto his windshield. Although there was evidence that the defendant's windshield was somewhat dirty, he denied that he had had any difficulty seeing through it until he turned into Kirkham and encountered the glare of the sun. He stated that he and his companion had both commented on the brightness of the sun, and that he had found it necessary to pull down his sun visor. Upon taking this precaution, he continued to experience some difficulty in seeing, but not enough to prevent his seeing well enough to proceed.

In traversing the 7 blocks between 41st and 48th Avenues, the defendant testified that he slowed to 10 or 15 miles per hour at intersections, and accelerated to 20 or 25 miles per hour between intersections. Upon approaching the 48th Avenue intersection, the defendant's visibility was the same as it had been for the preceding 7 blocks. He accordingly slowed to 10 or 15 miles per hour by means of shifting into second gear; he could see directly ahead of him the embankment at La Playa, and then looked to the right and to the left for approaching traffic and for pedestrians. Upon ascertaining that the way was clear, he drove through the intersection and began accelerating to 20 or 25 miles per hour. The defendant testified that the street dipped slightly downward just west of the 48th Avenue intersection and that it suddenly became much more difficult to see. At a point variously estimated as from 20 to 56 feet west of the 48th Avenue intersection, the defendant heard a thud and looked to the right of his car. He saw a man come up over the hood and roll off to the right side of the car. The defendant then turned his car to the left and brought it to a stop east of the La Playa intersection. The defendant estimated that he was traveling at approximately 20 or 25 miles per hour at the moment of the impact. Both he and his companion, Jean Maisin, testified that they never saw the pedestrian prior to striking him. At the moment of impact, the deceased was approximately 13 to 16 feet from the north curbline. He was struck by the front end of

the defendant's car between the right headlight and the hood.

The evidence pertaining to the conduct of plaintiffs' deceased revealed that he was an active 70-year-old man with good eyesight and hearing. A witness who had observed him just prior to the accident stated that he stepped off the curb at the southwest corner of Kirkham and 48th Avenue and headed diagonally across Kirkham in a northwesterly direction. After watching the deceased take a few steps into the street, the witness turned his back and continued watering his lawn. He then heard the noise of a car accelerating, followed by a solid thump. Upon turning around, the witness observed a man rolling beneath the center of the defendant's car. The deceased never regained consciousness after the accident.

Appellants' primary contention is that the evidence establishes as a matter of law that the negligence of respondent William Katz was a proximate cause of the accident, a contention never made during the trial, either by argument, motion or requested instruction, but first asserted by plaintiffs on their motion for new trial. Appellants argue that respondent offered no justification for his failure to see the deceased other than the fact that the sun had made it difficult to see, and his testimony that he had encountered the glare of the sun some 7 blocks prior to the point of impact, but had continued to drive at the rate of 20 to 25 miles per hour between intersections. Appellants say that this constitutes negligence as a matter of law and further establishes that this negligence was a proximate cause of respondent's failure to see the deceased cross the street and pass directly in front of his car. Appellants rely upon *Havens* v. *Loebel* (1930) 103 Cal. App. 209 [284 P. 676], and *Meads* v. *Deener* (1932) 128 Cal. App. 328 [17 P.2d 198]. In both of these cases, it was held to be negligence as a matter of law for a driver who was admittedly *blinded* by the sun to continue on without slackening his speed and without taking any other precaution for the safety of others upon the highway.

Respondents, on the other hand, contend that appellants' authorities are clearly distinguishable in the face of William Katz' testimony that he was not "blinded" by the sun but could see well enough to proceed. They point out that Katz, although admittedly experiencing some impairment of vision, was able to traverse the 7 blocks between 41st and 48th Avenues without difficulty; that he did take the precaution of

lowering his sun visor; that, upon approaching the 48th Avenue intersection, he slowed to 10 or 15 miles per hour, and was able to discern that the area was clear of pedestrians and automobiles; that it was only after his vehicle had cleared the intersection and descended into a ''dip'' in the street that he suffered any real difficulty in seeing ahead. Under such circumstances, respondents assert that it was for the jury to determine whether Katz was negligent in proceeding onward despite the fact that his vision was somewhat impared. They further assert that Katz, upon reaching the dip in the street just west of 48th Avenue, was suddenly exposed to the full glare of the sun, which had previously interfered with his vision only slightly. Since the impact with appellants' deceased occurred immediately thereafter, respondents contend that Katz could not have avoided the accident even though his conduct was at all tims that of a reasonable and prudent man.

Respondents' position is clearly sound. In *Hudson* v. *Rainville* (1956) 46 Cal.2d 474 [297 P.2d 434], the defendant was driving west at approximately 5 o'clock in the afternoon on a day which had been cloudy with intermittent rain and sunshine. The defendant, while driving at a speed of 30 miles per hour, swerved to the left to pass two parked cars. As she turned her car back to the right side of the road, the sun suddenly emerged from the clouds and its direct light and the reflection from the wet pavement blinded her. Immediately thereafter, her car collided with the plaintiff. On appeal from a judgment for defendant, plaintiff contended that the trial court had erred in refusing to instruct the jury that the defendant was guilty of negligence as a matter of law. The appellate court rejected this contention and affirmed the judgment, holding that it was clearly a question for the jury whether the sudden brightness of the sun was the sole and proximate cause of the accident (p.447).

Since this reasoning would appear equally applicable to the instant case, we cannot say as a matter of law that the negligence of respondent William Katz was a proximate cause of the accident.

Turning next to the contention that there was no evidence of negligence on the part of appellants' deceased, it is appellants' position that the deceased must be presumed to have exercised ordinary care and to have obeyed the law. (Code Civ. Proc., § 1963, subds. 4, 33.) Such a presumption is evidence which must control the verdict of the jury unless

controverted by other evidence. (*Westberg* v. *Willde* (1939) 14 Cal.2d 360, 364-365 [94 P.2d 590]; *Wiswell* v. *Shinners* (1941) 47 Cal.App.2d 156, 160 [117 P.2d 677].) Appellants assert that in the present case, the record contains no evidence in conflict with the presumption that the deceased exercised due care at all times and was free from any contributory negligence.

Respondents, however, point out that there was uncontradicted evidence that the deceased did not cross the street within a marked or unmarked crosswalk, but proceeded diagonally across Kirkham in a northwesterly direction. There was also evidence that the point of impact occurred some 50 or 56 feet west of the west curbline of 48th Avenue. Respondents contend that this evidence was in itself sufficient to present a question of fact for the jury whether the deceased was contributorily negligent in failing to yield the right of way as required by Vehicle Code, section 21954, subdivision (a). Respondents' position must be sustained.

In *Barry* v. *Maddalena* (1944) 63 Cal.App.2d 302 [146 P.2d 974], plaintiffs' deceased was struck and killed by defendants' car near the center stripe of Highway 101. Neither defendant saw the deceased prior to the moment of impact, and there was no other testimony bearing upon his conduct prior to the accident. On appeal from a judgment for defendants, plaintiffs contended that the deceased was free of contributory negligence as a matter of law since there was no evidence contrary to the presumption that he was exercising due care at the time of the accident. The court, in affirming the judgment, held that the evidence that neither defendant saw the deceased and that the point of impact occurred in the highway was in itself sufficient to justify a finding by the jury that the presumption of due care had been overcome and that the deceased had been negligent in failing to yield the right of way under Vehicle Code, section 562 (now Veh. Code, § 21954) (pp. 304-306). (To the same effect, see *Foti* v. *Morrissey* (1943) 57 Cal.App.2d 328, 332-333 [134 P.2d 51], where the court held that evidence that the deceased was 13 feet north of the crosswalk and was running at the time of the accident justified a finding that he was negligent in failing to yield the right of way.)

In the present case, the only evidence bearing upon the conduct of the deceased prior to the accident revealed that he stepped off the curb and headed diagonally across the street. The point of impact was well beyond the crosswalk. Under

these circumstances, the jury was entitled to find that he had been negligent in failing to yield the right of way to respondent.

Appellants also complain of misconduct on the part of respondents' counsel; error and misconduct on the part of the trial court; the giving of erroneous instructions to the jury; and the refusal to give certain of appellants' requested instructions. It would serve no useful purpose to discuss in detail each of these assignments of error. We have carefully examined the record and note that in each instance appellants have either failed to demonstrate that error was committed, have waived any error by their failure to object, or have failed to demonstrate that the error complained of could possibly have resulted in any prejudice. This case presented questions of fact for the determination of the jury, which did so under full and fair instruction by the trial court.

The appeal from the order denying the motion for a new trial is dismissed, and the judgment is affirmed.

Kaufman, P. J., and Agee, J., concurred.